GEORGE and JAMES FOX v. LAFAYETTE STAFFORD.

*Tax Titles—Sale by Revenue Collector—Recitals in Deed—Burden of Proof—Tenants in Common.*

1. One who claims under a deed for land sold to pay taxes, must show that the law regulating such sales has been complied with, in order that the deed may operate to pass title.

2. Ordinarily, the recitals in such deed are not evidence against the delinquent tax-payer, but the essential prerequisites must be proved *aliunde* the deed—the burden being on the purchaser, or those claiming under him, in the absence of any legislative provision to the contrary.

3. *Held further:* Where such sale is made by a collector of internal revenue and a deed executed to the purchaser, reciting the land purchased, for what taxes it was sold, the name of the purchaser, and the price bid, as authorized by act of Congress (U. S. Rev. Stat., §§ 3198, 3199), such deed is *prima facie* evidence only of the facts *required by the act to be stated,* and the burden of rebutting the presumption is on the party claiming adversely to the purchaser.

4. *Held also:* Where there are other recitals in the deed, it is incumbent on the purchaser to establish them by evidence *dehors* the deed; as to them, the act of Congress does not change the burden of proof.

5. The case of *Overcash* v. *Kitchie,* 89 N. C., 384, to the effect that one of several tenants in common may sue in ejectment, approved.

(*Avery* v. *Rose,* 4 Dev., 549; *Love* v. *Gates,* 4 Dev. & Bat., 363; *Pentland* v. *Stewart, Ib.,* 386; *Garrett* v. *White,* 3 Ired. Eq., 131; *Jordan* v. *Rouse,* 1 Jones, 119; *Taylor* v. *Allen,* 67 N. C., 346; *Hays* v. *Hunt,* 85 N. C., 303; *Overcash* v. *Kitchie,* 89 N. C., 384, cited and approved).

EJECTMENT tried at Spring Term, 1883, of ALEXANDER Superior Court, before *Gudger, J.*

Verdict and judgment for defendant; appeal by plaintiffs.

Mr. *R. Z. Linney,* for plaintiffs.
Mr. *D. M. Furches,* for defendant.

MERRIMON, J.   The plaintiffs and defendant claim to derive title to the land described in the complaint from Hugh Fox,

·deceased.  The plaintiffs show title *prima facie* as two of his heirs-at-law.

The defendant alleged that in the life-time of the said Hugh Fox, he owed the United States taxes, duly assessed against him under the internal revenue laws, to the amount of $171.67; that he failed to pay the same as he was bound to do; that the collector of internal revenue in the sixth collection district in North Carolina sold the land in question on the 4th day of July, 1868, according to law, to pay the taxes so due; that one Michael Rufty became the purchaser thereof and paid the purchase money therefor, and in pursuance of such sale the collector executed to him a proper deed for the land on the 4th day of July, 1869, and that afterwards Rufty, by proper deed, conveyed the land to the defendant, and under the same he is in and holds possession thereof.

These deeds were proved and registered according to law, and were put in evidence by the defendant on the trial.  He offered no other evidence as to title, and insisted that the collector's deed was *prima facie* evidence that all the requirements of the law necessary to a sale of the land to pay the taxes due from Hugh Fox had been complied with; that the recitals in the deed were *prima facie* true, and that by the deed he had a perfect title as against the plaintiffs.

The plaintiffs insisted that the deed of the collector did not operate to pass the title to Rufty, unless the collector had in all things strictly complied with the requirements of the law authorizing the sale of real estate to pay taxes due from delinquent tax-payers under the internal revenue laws of the United States; that the deed did not operate *per se* to pass the title, and that the recitals therein were not *prima facie* true.  The court held that the collector's deed was *prima facie* evidence of all the recitals therein and operated *per se* and without any evidence *dehors* the deed to pass the title.  The plaintiffs excepted to this ruling of the court.

Generally, a deed executed by the officer selling lands to pay

taxes, to the purchaser thereof, does not *ipso facto* operate to pass the title of the owner from whom taxes are due, to the purchaser. The operative force of such deed depends upon whether the material preliminary requirements of the law necessary to the sale have been complied with. The things to be done preliminary to the sale are just as essential in passing the title as the deed itself; indeed, the latter is inoperative for any purpose unaided by them. Upon the plainest principles of justice, the land of the delinquent from whom taxes are due, shall not be seized and sold without legal warrant, and the warrant must appear and be made to appear by him who claims under it.

Where, however, it is made to appear that the requirements of the law have been complied with by its officers, as to the duties devolved upon them—when every essential act to be done appears to have been done; and the conditions preliminary have been performed, then the deed becomes conclusive evidence of the title in the purchaser.

And also, ordinarily, the recitals in a deed for land sold to pay taxes, are not evidence against the owner of the property. The things necessary and preliminary to and in aid of it, must be established by proof *aliunde* the deed. The deed itself is not *prima facie* evidence that the prerequisites of the law have been complied with by the ministerial officers conducting the proceedings leading to the sale. The fact of their regularity must be established by proper poof, and the *onus probandi* rests on the purchaser, or those claiming under him. It must appear that the taxes were due according to law, and that every other material requirement has been complied with. *Avery* v. *Rose,* 4 Dev., 549; *Love* v. *Gates,* 4 Dev. & Bat., 363; *Pentland* v. *Stewart, Ib.,* 386; *Garrett* v. *White,* 3 Ired. Eq., 131; *Jordan* v. *Rouse,* 1 Jones, 119; *Taylor* v. *Allen,* 67 N. C., 346; *Hays* v. *Hunt,* 85 N. C., 303.

While this is the general and reasonable rule of law in respect to tax deeds, it is nevertheless within the power of the legislature to change it so as to shift the *onus probandi* (as to the gen-

eral prerequisites to support the deed and render it effective) from the purchaser to the person whose land has been sold for taxes, and such power has been frequently exercised, sometimes to one extent and sometimes to another and different extent. Blackwell on Tax Titles, 79, 80; Cooley on Taxation, 354.

In the case before us, it is insisted that the act of Congress makes the recitals in the collector's deed *prima facie* evidence of all the recitals therein, and of every material fact necessary to support and render the deed effective to pass the title to the purchaser.

A brief examination of the statute will show that it does not so provide in terms, nor can it be reasonably so construed as to give it such effect. The Revised Statutes of the United States provide as follows:

"Sec. 3198. Upon any sale of real estate, as provided in the preceding section, and the payment of the purchase money, the officer making the seizure and sale shall give to the purchaser a certificate of purchase, which shall set forth the real estate purchased, for whose taxes the same was sold, the name of the purchaser, and the price paid therefor; and if the said real estate be not redeemed in the manner and within the time hereinafter provided, the said collector or deputy collector shall execute to the said purchaser, upon his surrender of said certificate, a deed of the real estate purchased by him as aforesaid, reciting the facts set forth in said certificate, and in accordance with the laws of the state in which such real estate is situate, upon the subject of sales of real estate under execution."

"Sec. 3199. The deed of sale given in pursuance of the preceding section shall be *prima facie* evidence of the facts therein stated, and, if the proceedings of the officers, as set forth, have been substantially in accordance with the provision of law, shall be considered and operate as a conveyance of all the right, title and interest the party delinquent had in and to the real estate, thus sold at the time the lien of the United States attached thereto."

It will be observed that the first of the sections recited requires that the certificate of purchase shall set forth four facts: 1. The real estate purchased. 2. For what taxes the same was sold. 3. The name of the purchaser. 4. The price paid therefor. And it requires that the deed when it is executed shall recite these facts. There is no provision that it shall recite any other facts, and it is only required, in other respects, to conform to the laws of the state where the sale was made.

The next recited section provides that the deed shall be *prima facie* evidence of the facts therein stated, that is, of the facts *required by the statute to be stated*. Cooley on Taxation, 354, 355; *March* v. *City of Brooklyn*, 59 N. Y., 280.

This provision of the statute is in derogation of the general rule of evidence, and it cannot be extended beyond its plain, reasonable meaning. It cannot be construed to mean that the deed is to be received as evidence of any and every fact, beyond the recitals required by the statute to be made in it. Other recitals of facts in it, if there be such, must be proved as required by the general laws of evidence. There are no words in the statute that warrant such a latitudinous construction of it, as that contended for. The words certainly do not imply such meaning as that attributed to them. On the contrary, it is provided that "if the proceedings of the officers have been substantially in accordance with the provisions of law," then the deed shall operate as a conveyance of the right and title of the delinquent. The meaning of this is, that if the proceedings, that underlie and give rise to the facts required to be recited in the deed, are "substantially in accordance with the provisions of law," then the title shall pass.

Now what are the material things to be done to the end that the sale may be made and the deed duly executed? It is made the duty of the collector to require and, if need be, compel persons liable to pay taxes, to make returns; thereupon, the Commissioner of Internal Revenue is required to make proper assessments, and certify the same to the collector, and the collector

must then give ten days' notice to the person assessed to pay the taxes so assessed against him, stating the amount and demanding payment. It is not until this shall be done and there has been neglect or refusal to pay the taxes due, that the amount of it becomes a lien in favor of the United States, which the collector may enforce by distraint and sale, nor can there be a seizure and sale of the real estate to pay taxes, until there shall appear to be a failure to find goods, chattels, or effects to satisfy the sum due, and there must be given to the delinquent a notice of the property to be sold and the time and place of sale. Rev. Statutes U. S., §§3172, 3199.

All these things are required to be done and are prerequisites to a sale of the land, but the statute does not require that the fact that they have been done shall be set forth and recited in the deed, nor does it provide that the deed shall be *prima facie* evidence of such facts. They must be proved by evidence *dehors* the deed, and as to them the statute does not change the burden of proof, and it therefore rests on the purchaser.

That these prerequisites were complied with was not made to appear on the trial, although they were essential to the operative effect of the deed. The *onus* of proving them rested on the defendant. He might have proved them. They were, or ought to have been, within his reach.

This construction of the statute is fully sustained by the case of *Brown* v. *Goodson,* 56 How. Prac. Rep. (N. Y.), 301, where the very questions raised in this case were decided. See also *Williams* v. *Peyton,* 4 Wheat., 77; *Martin* v. *Davis,* 4 McLean, 211; *Jackson* v. *Sheppard,* 7 Cow., 88.

The defendant's counsel, upon the argument, relied upon the cases of *DeTreville* v. *Smalls,* 98 U. S. Rep., 517; *Keely* v. *Saunders,* 99 U. S. Rep., 441. These cases do not apply to the one before us. They construe a statute very different in its provisions from the one we have construed, and we need not comment upon them.

The exception taken that the plaintiffs cannot maintain this

action without joining the other tenants in common cannot be sustained.    The point was met and decided in the case of *Over-cash* v. *Kitchie,* 89 N. C., 384, and we are content to refer to what we there said as applicable here.

There is error, for which a new trial must be awarded.  Judgment accordingly.    Let this be certified.

Error.                                                    *Venire de novo.*