HENRY TUCKER v. FLORA TUCKER.

*Sale of Land for Taxes—Pleading—Presumption.*

1. The plaintiff, claiming under a tax sale, in his complaint alleged that the land—describing it by metes and bounds—had been allotted to defendant as a homestead; that the said land had been duly listed for taxation, and, upon failure of the owner, the "said land" was sold for taxes: *Held,* there was an irresistible inference that the *entire* tract was sold, and no one but the county—under the Rev. Act of 1885—being entitled to purchase the whole tract, a sale to an individual was void.

2. This inference is not rebutted by an agreed statement of facts that the land was duly listed, the tax lists placed in the hands of the collector, and that advertisements and sales were made, there being no statement as to the *manner* in which the sale was made.

3. The presumption that one who makes a sale of land for taxes has complied with the requirements of the law regulating such sales, does not arise until after the deed to be made thereupon has been executed.

This a PETITION by defendant to rehear the case reported in 108 N. C., 235.

*Mr. T. W. Strange*, for petitioner.
No counsel *contra*.

SHEPHERD, J.: It is a well settled rule that " no case ought to be reversed upon petition to rehear unless it was decided hastily, or some material point was overlooked, or some direct authority was not called to the attention of the Court." *Watson* v. *Dodd*, 72 N. C., 240; *Gay* v. *Grant*, 105 N. C., 478; *Hudson* v. *Jordan*, *ante*, 250.

The converse of the proposition is of course true, and is applicable to the present case.

On the former hearing, the argument of counsel was chiefly addressed to the following questions: (1) Whether the defendant, to whom a homestead had been allotted in lieu of dower, could forfeit her right thereto by a sale of the same for nonpayment of taxes and failure to redeem within the statutory time. The Constitution, Art. 10, § 2, expressly makes the homestead liable to sale for taxes. (2) Whether the plaintiff was the " next in title ", who was entitled to redeem on the failure of the life-tenant to do so. Under the canon of descents, *The Code*, § 1281, Rule 9 and 10 he clearly was. We held, therefore, both questions in the affirmative, and adversely to the defendant. We are satisfied of the correctness of the decision on these questions, but we were

inadvertent to the point now called to our attention, and we think, as a plain matter of justice, it should be passed upon by us. Upon referring to one of our note-books we find that the point was made by counsel, but as the greater part of his argument was directed, as we have said, to the other questions, it was overlooked by the Court in arriving at its conclusion. Such being the case, we have very cheerfully awarded to the defendant a rehearing.

The facts of the case are fully stated in Volume 108 of our Reports. These need not be repeated here, as it is sufficient to say, for our present purpose, that the only question to be determined is whether, upon the pleadings and the facts agreed, there was a valid sale of the land for taxes. If there was no such valid sale, there was no forfeiture to the plaintiff as the next in title (Acts 1885, ch. 177, § 59), and our former judgment should be reversed. The alleged sale was made under sections 39 and 40, chap. 177 of the above-mentioned act of the Legislature, and this, among other things, provides that " the whole tract or contiguous body of land belonging to a delinquent person or company shall be set up for sale at the same time, and the bid shall be struck off to him who will pay the amount of taxes with all the expenses for *the smallest part of the land.* If no one will or shall offer to pay the amount of taxes for a less number of acres than the whole number of acres in said tract, then the Sheriff shall bid off the property for the county," etc. From this it appears that, under the law as then existing, no one but the county could become the purchaser of an entire tract of land sold for taxes, and the sale in this case being distinctly denied in the answer, the only point to be considered is whether the *whole* tract was exposed to sale and bid off by Maria Fuller. That the whole of the tract was exposed to sale and bid off by the said Maria is, in our opinion, plainly manifest from the pleadings and the facts agreed. The plaintiff sues for a certain lot of land, and

with much particularity describes it in his complaint by metes and bounds. He alleges that "the defendant was the owner of a life-estate in *said* land, the same having been allotted to her in due form of law as her homestead; * * * that *said* land and premises were in due form of law listed by the defendant for taxation; * * * that defendant wilfully failed and refused to pay the said taxes and allowed the *same* to be sold." From the statement of facts agreed, it appears that the defendant had the "*locus* allotted to her in due form of law as her *homestead;* * * * that the taxes were assessed against her and *the land in controversy;* * * * that *said* land was exposed for sale, * * * and the *same* was bid off * * * by Maria Fuller."

The irresistible inference to be drawn from the foregoing extracts is, that the *whole* of the land as described in the complaint was attempted to be sold by the Sheriff, and we seek in vain to find in any part of the record the slightest intimation that only a part of it was so disposed of. If only a part of the tract specifically described in the complaint was sold, and the plaintiff claims it by reason of a forfeiture occasioned by the delinquency of the defendant and the consequent sale, how, does it happen that he is suing for the *whole* tract, claiming the same solely by virtue of the alleged sale.

It is insisted, however, that in the face of all this, we are authorized to say that only a part of the tract was sold, and this because of certain recitals in the statement of the facts agreed. Let us examine and see the nature of these statements. They are as follows, to-wit: " That defendant duly listed according to law said land and premises; * * * that in the time prescribed by law the tax-lists * * * were placed in the hands of the Sheriff * * * in the manner prescribed by law; * * * that after the advertisement required by law, the said land was exposed to sale; * * * that the same was bid off by Maria Fuller, and

the certificate of sale was duly registered according to law." It is said that the frequent recurrence of the expressions " according to law," " prescribed by law," and the like, raises a presumption that the sale was regular in all respects. These expressions (though not presumptions of law, but simply statements of fact to be construed as any other fact agreed upon) do certainly import the regularity of the performance of the particular acts to which they refer, such as the listing for taxes, placing the tax-lists in the hands of the Sheriff, advertising, the registration of the certificate, and the like, but they extend no further; and it is to be noted that there is no statement that the *sale* was made according to or as prescribed by law. Even if such statements could be considered as presumptions of law, it is plain that they have no reference to the quantity of the land sold. And so, if there had been a statement that the sale was made " according to law," it would be a mere matter of construction as to the meaning of the facts agreed, and these, as we have seen, unmistakably show that the whole and not a part of the land was sold. It is further insisted that by the act above-mentioned (section 42) it is to be presumed that the Sheriff has complied with " all the requirements of the law"; but very plainly this has nothing to do with our case, as *no deed* has ever been executed by the Sheriff, and the presumption does not arise until this has been done. Had there been a deed, we are entirely clear that the *prima facie* case under the statute would have been clearly rebutted by the pleadings and the facts as agreed upon by the parties.

If we had any doubt upon the question, it would vanish before the familiar principle, so often laid down by this Court, that one whose claim is based upon a sale for taxes must show "that the taxes were due, and that *every other material requirement has been complied with.*" *Fox* v. *Stafford*, 90 N. C., 296. There being no deed, the presumption of law therefore is against the plaintiff; and instead of showing that all

110 — 22

the material requirements have been complied with, his complaint, as.we have seen, as well as the facts found, show directly the contrary.

We must, therefore, conclude that the point overlooked by us on the former hearing is well taken by the defendant, and, while adhering to our previous decision upon the questions discussed in the opinion, we think that the judgment should, for the reasons we have given, be

Reversed.