O'TOOLE v. O'TOOLE et al.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. PARTITION—TENANTS IN COMMON—RIGHT OF ACTION.

Under Code Civ. Proc. § 1532, providing that where two or more persons are in possession of real estate as tenants in common of an estate of inheritance, or for life or for years, either one or more of them may maintain partition, according to the respective rights of the persons interested, etc., a life tenant, having conveyed a portion of her interest, is entitled to maintain partition of the property, as against the purchaser and contingent owners of the fee in being.

2. SAME—SALE—COSTS AND EXPENSES—INVESTMENT OF PROCEEDS.

Where, in partition between tenants in common of a life estate in the property, it is necessary that the fee should be sold, the costs and expenses, together with liens for taxes, water rates, etc., should be deducted from the share of the life tenants, and the entire proceeds of the sale, less the value of the life estate, should be invested, and the income paid to the life tenants until the termination of the life estate.

3. SAME—PURCHASER'S OBLIGATION TO COMPLETE.

An order directing a sale of the fee in partition between life tenants, and directing costs, expenses, taxes, and water rates to be paid from the proceeds of the sale, and, after deducting and paying to the life tenants their respective shares of the value of the life estate, to invest the balance for the benefit of contingent owners of the fee, paying the income to the owners of the life estate during its continuance, is erroneous; and a purchaser thereunder cannot be compelled to complete the sale.

Appeal from Erie county court.

Partition by Sarah O'Toole against Mary Ann O'Toole and others. From an order compelling Mary Ann O'Toole to complete her purchase of the premises at a referee's sale, she appeals. Reversed.

The action was commenced on the 23d day of November, 1896, to partition certain premises described in the complaint, situate in the city of Buffalo, N. Y., in which the plaintiff, Sarah O'Toole, had an undivided two-thirds interest in the use, occupation, rents, and profits thereof during her life, and the defendant Mary Ann O'Toole had an undivided one-third interest in said use, occupation, rents, and profits during the life of said Sarah O'Toole. On the 23d day of February, 1888, Patrick O'Toole, who at the time, and for many years prior thereto had, resided in the city of Buffalo, N. Y., died, leaving a last will and testament, which was duly admitted to probate by the surrogate's court of the said county of Erie on the 22d day of March, 1888. Among other provisions, said will contained the following: "Fourth. I hereby give and bequeath to my daughter Sarah O'Toole, now residing in the city of Buffalo, so long as she shall live, the use, occupation, rents, and profits of my two-story and a basement brick building, known as 'No. 19 Carroll Street,' in the city of Buffalo; and at her death, should my daughter Sarah O'Toole leave, her surviving, any children, I give and bequeath the last-mentioned property to her said child or children, to share and share alike therein; and, should my said daughter Sarah O'Toole die without issue her surviving, then and in that case the said property, No. 19 Carroll street, to be divided equally among my heirs, share and share alike therein." Patrick O'Toole left, him surviving, his widow, Mary Ann O'Toole, this defendant, and a daughter, Alice O'Toole, who is an incompetent person; and Edward E. Coatsworth was appointed the committee of her person and property by an order duly made by the county court of Erie county, and entered on the 5th day of January, 1893. He also left, him surviving, his daughter Mary Ann Gleason, who died about the year 1892, leaving, her surviving, one child, Nelly Gleason, who is an infant 14 years of age and upward, and who resides in Chicago, in the state of Illinois. The defendant Edward J. Rosenau was appointed guardian ad litem of such infant by an order of the county court

of Erie county, made and entered on the 9th day of October, 1897. By the terms of the will, and her election thereunder, the widow, Mary Ann O'Toole, took no dower interest in the premises in question. On the 20th day of November, 1896, the plaintiff, Sarah O'Toole, by an instrument in writing under seal and duly acknowledged, sold, assigned, transferred, granted, and conveyed to the defendant Mary Ann O'Toole an equal, undivided one-third part of all her right, title, and interest of, in, and to the property in question. At the time of the commencement of the action, the plaintiff, Sarah O'Toole, had an equal, undivided two-thirds interest in said premises during her life, and the defendant Mary Ann O'Toole had an equal, undivided one-third interest in said premises during the life of said Sarah O'Toole. The defendants Alice O'Toole and Nelly Gleason each had an estate in fee in the undivided one-half of said premises, subject to the above life estate, which estate in fee is liable to be devested, however, in the death of said plaintiff, Sarah O'Toole, leaving issue her surviving. The committee of Alice O'Toole appeared in said action of partition, and interposed a formal answer, submitting the rights of Alice O'Toole to the court. The guardian ad litem of the infant, Nelly Gleason, also appeared in said action, and answered, submitting her rights to the court. Such proceedings were had in said action of partition that on the 9th day of February, 1898, judgment was entered directing that the property described in the complaint be sold, and determining ·the interest therein of the respective parties defendant; and Charles E. Newton, Esq., was appointed referee for the purpose of making such sale. Thereafter, and on the 18th day of March, 1898, said premises were sold by the referee to the defendant Mary Ann O'Toole for the sum of $4,000; she being the highest bidder therefor, and that being the highest sum bidden for the same. Thereafter, and on the 28th day of October, 1898, said sale was in all things confirmed by an order of the Erie county court; and said order, among other things, provided "that said referee first deduct from the proceeds of the sale his fees and disbursements, that the said referee pay all taxes, assessments, and water rates which are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments, or water rates which have not apparently become absolute, and that the costs and expenses of this proceeding, including an additional allowance of $75, which are hereby adjusted according to law at the sum of $260.55, be deducted from the proceeds of such sale, and that the said referee pay the same to the plaintiff's attorney. It is further ordered and adjudged that said referee pay to Edward J. Rosenau, Esq., the guardian ad litem herein, out of the proceeds of such sale, the sum of $50, in full of his costs and allowances, which is allowed for his fees in this action, and that he pay to Edward E. Coatsworth, Esq., who has been substituted, in place of Cunneen & Coatsworth, as attorney for Alice O'Toole, and Edward E. Coatsworth as committee of the person and property of Alice O'Toole, an incompetent person, the sum of $50, for his costs in this action to be taxed. And it is further ordered and adjudged that the said referee compute the life interest of the plaintiff, Sarah O'Toole, and the defendant Mary Ann O'Toole, as set forth in the interlocutory judgment herein, in the balance of the proceeds of sale, which life interest is in the whole of the premises described in the interlocutory judgment for and during the life of said Sarah O'Toole, and that he pay to said Sarah O'Toole and Mary Ann O'Toole the value of the life estate as computed by him, in the proportions of two-thirds to Sarah O'Toole and one-third to Mary Ann O'Toole; they having consented to accept a gross sum in satisfaction of their said estate. And it appearing from said interlocutory judgment that the defendants Nelly Gleason and Alice O'Toole have an equal, undivided estate in fee in the remainder of the proceeds of said sale, but which estate in fee is liable to be devested by the death of said plaintiff, Sarah O'Toole, leaving issue, it is therefore ordered and adjudged that the said referee bring the balance remaining of said proceeds of said sale into court, and deposit it with the treasurer of the county of Erie, to be invested by said treasurer in permanent interest-bearing securities, and held by him until the death of said Sarah O'Toole and the further order of this court." The defendant Mary Ann O'Toole refused to complete the purchase of the premises struck off to her by the referee as aforesaid, and refused to pay to said referee the sum of $4,000, the amount which she bid for the premises in question. An

order was made by the county court of Erie county, which was served on the defendant Mary Ann O'Toole on the 29th day of October, 1898, requiring Mary Ann O'Toole to show cause why she should not comply with the terms upon which the premises referred to were sold to her, and why she should not be compelled to pay said sum of $4,000 to the referee. Such order came on to be heard on the 31st day of October, 1898, at which time an order was made by the county court of Erie county requiring Mary Ann O'Toole to complete her purchase of the premises in question. From that order this appeal is taken.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Simon Fleischman, for appellant.
Jacob Stern, for respondents.

McLENNAN, J.   Under section 1532 of the Code of Civil Procedure, the plaintiff is technically entitled to maintain an action for the partition of the property described in the complaint. It is apparent, however, that the conveyance by the plaintiff to the defendant Mary Ann O'Toole of an undivided one-third of her estate for life in the premises in question was made for the purpose of enabling her to obtain the value in money of such life estate, regardless of the interest of the owners of the fee now in being, or the rights of those who in future may become the owners of such fee. If the sale is consummated, the result will be that the purchase price, which represents the value of the fee as well as of the life estate, will be depleted in the amount of between $500 and $600, for the costs and expenses of the partition. The value of the life estate would amount to about $2,200; so that there would only be left a balance of about $1,200 or $1,300, out of property which is concededly worth $4,000, for the children of the plaintiff, if she leaves any children her surviving, or, if not, then for the incompetent daughter of the testator and the infant granddaughter, who, upon the death of the plaintiff without issue, would become the absolute owners of the fee. It is difficult to discover why any portion of the proceeds realized by the sale of the fee of the premises should be applied to the payment of the costs and expenses of the partition.

The judgment of sale further provides:

"That the said referee pay all taxes, assessments, and water rates which are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments, or water rates which have not apparently become absolute."

The amount of such taxes and water rates is not disclosed by the record before us, but it is apparent that such charges, if any, should be fully paid by the owners of the life estate, and no part thereof paid out of the proceeds realized upon the sale of the fee of the premises.

The record before us fails to disclose any reason why the fee should be sold at all. If the plaintiff and the defendant Mary Ann O'Toole are desirous of realizing upon their life estate, and are in accord, as they clearly are, there is no reason why such life estate should not be sold at private sale; or, if they are not in accord, then a partition of such life estate could be had, and it could be

sold without prejudice to the interests of the owners of the fee of
the property. If any reason does exist, which is not disclosed by the
record, why the entire property should be sold, then the entire costs
and expenses, and the taxes and water rates, should be paid out of the
share of the plaintiff and the defendant Mary Ann O'Toole in the
proportion of two-thirds and one-third, and the entire balance should
be deposited with the county treasurer of Erie county, to be invested
by him, and the net income to be paid to the plaintiff and the defend-
ant Mary Ann O'Toole, in the proportion of two-thirds and one-third,
respectively; the principal to be retained for the children of the
plaintiff, in case she leaves such her surviving, and, if not, then to
the incompetent daughter and infant granddaughter of the testator,
share and share alike. In the case of Monarque v. Monarque, 80 N.
Y. 320, it was held:

"That a judgment and sale in partition only conclude contingent interests
of persons not in being, when the judgment provides for and protects such
interests by substituting the fund derived from the sale of the land in place
of it, and preserving the fund to the extent necessary to satisfy such inter-
ests."

In this case no such provision is made to protect the interests
of the persons not in being, to wit, the children which the plaintiff
may leave, her surviving; and no provision is made for the full pro-
tection of the defendant Alice O'Toole, the incompetent daughter
of the testator, or Nelly Gleason, the infant granddaughter of the
testator. Under those circumstances, we think the purchaser, Mary
Ann O'Toole, would not take good title to the premises in question,
and that, therefore, she ought not to be required to complete the
purchase.

If the learned county judge finds—which, upon the record before
us, is quite apparent—that this action is the result of a scheme to
cut off the interests of persons who may become entitled to the prop-
erty in question, and who are not parties to the action, he may re-
fuse to confirm the sale, and leave the parties in the position in
which they have placed themselves; and the county court may afford
the parties representing the incompetent daughter and the infant
granddaughter a chance to more fully protect their interests, re-
spectively, than they have yet done in this action.

The order appealed from should be reversed, without costs to either
party. A copy of the decision of this court should be served upon
the attorney for the committee of Alice O'Toole, and upon the guard-
ian ad litem of the infant, Nelly Gleason, and all proceedings in this
action should be stayed 20 days after the service of notice of such
decision.

Order reversed, without costs to either party, and direction given
to serve copy of this decision and opinion upon the committee of
Alice O'Toole and guardian ad litem of Nelly Gleason; and a stay
of proceedings is directed until 20 days after service of such decision
and opinion. All concur.