CHARLES S. BRYAN v. MRS. ALICE H. BRYAN.

(Filed 2 May, 1934.)

1. **Pleadings D e—**

A demurrer on the grounds that the complaint fails to state a cause of action admits the allegations and presents the single question of the sufficiency of the complaint.

2. **Life Estates D a—Remainderman need not pay taxes before bringing action for forfeiture of life estate for nonpayment of taxes.**

It is not required that a remainderman should settle for the taxes against the property before bringing action against the life tenant under C. S., 7982, to have her estate forfeited for allowing the property to be sold for taxes and failing to redeem same within the time prescribed by law.

APPEAL by defendant from a judgment of *Frizzelle, J.,* overruling a demurrer to the complaint. From CRAVEN. Affirmed.

The plaintiff alleges that since the first day of January, 1924, the defendant has been tenant for life and the plaintiff remainderman of a lot or parcel of land in the city of New Bern; that the defendant listed the lot for taxation for the years 1930, 1931, 1932, and 1933, and has suffered it to be sold both by the sheriff of the county and by the tax collector of the city for the nonpayment of taxes due in 1930 and 1931, amounting to the sum of $623.99, including costs; that more than a year has elapsed since the sales were made on 2 November, 1931, and that

the defendant has failed to redeem; that the taxes due the county for 1932 amount to $168.50 and to $84.00 for 1933, and that the taxes due the city for 1932 amount to $120.75 and for 1933 to $60.37, no part of which has been paid; that the plaintiff has suffered damage in the sum of $1,057.60; and that for several years the defendant has received $75.00 a month as rent for a part of the property.

For ground of demurrer the defendant says the complaint does not constitute a cause of action in that it contains no allegation that the plaintiff has actually paid the taxes or any part thereof. The demurrer was overruled, and the defendant excepted and appealed.

*R. A. Nunn for plaintiff.*
*Ward & Ward for defendant.*

ADAMS, J. By demurring the defendant admits the plaintiff's allegations, thereby presenting the single question whether the complaint states a cause of action.

After providing that every person shall be liable for the taxes assessed or charged upon the property or estate of which he is tenant for life, C. S., 7982, proceeds as follows: "If any tenant for life of real estate shall suffer the same to be sold for taxes by reason of his neglect or refusal to pay the taxes thereon, and shall fail to redeem the same within one year after such sale, he shall thereby forfeit his life estate to the remainderman or reversioner. The remainderman or reversioner may redeem such lands, in the same manner that is provided for the redemption of other lands. Moreover, such remainderman or reversioner shall have the right to recover of such tenant for life all damages sustained by reason of such neglect or refusal on the part of such tenant for life."

The defendant advances the proposition that the plaintiff must settle the unpaid taxes before he can maintain an action to declare the life estate forfeited. We find no such prerequisite either in the statute or in the decisions of this Court. The statute is specific: the life tenant forfeits his estate to the remainderman or reversioner when he suffers it to be sold for taxes by reason of his neglect or refusal to pay the taxes and to redeem the property within a year after the sale. C. S., 7982. The remainderman's payment of the taxes due by the life tenant is not a condition antecedent to the institution of his action for forfeiture. The necessity of protecting the remainderman or reversioner is obvious. Under the former law a sale for taxes conveyed the interest of the delinquent; under the present law it is intended to convey the property. *Smith v. Proctor,* 139 N. C., 314, 324. In *Tucker v. Tucker,* 108 N. C., 235, 237 (reheard on other facts in 110 N. C., 333), the Court observed: "It is not a reasonable construction of the statute that the remainderman

should be held to payment of the taxes for the indefinite period of the life of the widow, who meantime enjoys the rents and profits, under penalty of losing his ultimate right to the fee. The reasonable and just construction is that the widow, who possesses the premises and enjoys the rents and profits thereof 'during widowhood,' comes within the class of 'tenants for life' designated by the statute, and when she permitted her interest to be sold for nonpayment of taxes and failed to redeem, instead of the premises going out of the family the law permitted the remainderman, the 'next in title,' to redeem it, as he elected to do, within the prescribed time. The defendant, therefore, comes within the words of the statute and was subject to forfeiture of her estate by permitting the land to be sold for taxes and failing to redeem it."

As the complaint states a cause of action the court was correct in overruling the demurrer. In reference to the question of damages the facts will no doubt be fully developed when the case is heard upon the merits. *Smith v. Miller,* 158 N. C., 98.

Affirmed.