ROSAMOND. J. MEADOWS v. E. H. MEADOWS, JR., WADE MEADOWS, MARY MEADOWS STRATTON and Her Husband, GEO. W. STRATTON, Devisees and Legatees at Law of E. H. MEADOWS, Deceased, and E. H. MEADOWS, JR., and WADE MEADOWS, Executors and Trustees Under the Will of E. H. MEADOWS, Deceased.

(Filed 1 November, 1939.)

1. **Estates § 9d: Executors and Administrators § 21—Held: Amount of unpaid taxes was properly allowed as offset against sum due life tenant from estate.**

The owner of lands deeded his wife a life estate therein and devised the remainder to his heirs. After his death his widow dissented from the will and obtained a consent judgment against the estate. The widow forfeited her life estate by permitting the land to be sold for taxes, C. S., 7982. The sole remaining assets of the estate at the time of the institution of this action were remainders in certain lands and certain personalty in the hands of the widow, and all other debts except costs of adminis-

tration had been paid. *Held:* Upon forfeiture of the life estate the lands passed to the remaindermen encumbered by the lien for taxes, and the remaindermen are damaged in the amount of the lien, and for their protection and to prevent the life tenant from profiting by her own default, the executors are entitled to offset the balance due her under the consent judgment with the amount of the lien for taxes.

**2. Executors and Administrators § 15g—Return of personalty belonging to estate held not condition precedent to widow's right to enforce judgment for year's allowance.**

Plaintiff widow obtained judgment for her yearly allowance, and instituted this action to compel the executors to pay the balance due thereon. The executors contended that they were entitled to withhold balance due thereon until the widow delivered to them certain personalty of the estate in accordance with an arbitration and award agreement between the parties, although they had not made demand therefor prior to the institution of the action. It further appeared that plaintiff made written offer of delivery during the trial. *Held:* Under the facts, the executors were not entitled to make the return of the property a condition precedent to the enforcement of plaintiff's judgment, the executors having a remedy to obtain possession of the personalty by court order if plaintiff failed or refuse to surrender same to be sold to make assets for a final settlement of the estate.

**3. Reference § 12—**

When there is evidence supporting the court's modification of a finding of the referee, the modification is not subject to review.

APPEAL by plaintiff from *Williams, J.,* at January-February Term, 1939, of CRAVEN. Modified and affirmed.

This action was instituted in 1930 to require the executors and trustees of the estate of E. H. Meadows (who died in 1921) to pay plaintiff, his widow, the balance on her year's allowance, as fixed by the judgment of the court, in the sum of seven hundred and fifty dollars and interest, and also for the recovery of the further sum of fifteen hundred and fifty dollars and interest, balance due her by said estate under the terms of a consent judgment entered by Superior Court Judge Horton in October, 1923. Defendants admitted plaintiff was entitled to said amounts under the terms of the Horton judgment, but alleged plaintiff had forfeited her life estate in a house and lot in New Bern, designated as 91 Broad Street, for permitting same to be sold for taxes, which taxes amounted to more than $5,000; that defendants, executors and trustees, as remaindermen, were entitled to offset against plaintiff's claims the amount of the taxes on this property; that the balance of year's allowance could only be paid out of the personalty which had been exhausted, and that by virtue of an arbitration and award, plaintiff was required to deliver to the executors and trustees certain personal property, which she has failed to do.

At February Term, 1932, Cranmer, Judge presiding, submitted issues to the jury as to the indebtedness of defendants, executors and trustees, to the plaintiff on her claims and as to the amount thereof, which issues were answered by the jury in favor of plaintiff, as claimed. Thereupon Judge Cranmer rendered judgment on the verdict and referred the other matters set up in the pleadings to a referee under the statute. The referee, in August, 1935, reported his findings of fact and conclusions of law, to which the defendants filed numerous exceptions. At January-February Term, 1939, these exceptions were passed on by the court below and the findings of fact were either sustained or modified, and the conclusions of law were affirmed in part, and in some respects overruled. From judgment rendered in accord with the rulings of the court below on the exceptions to the referee's report, plaintiff appealed.

*John H. Small and William Dunn for plaintiff.*
*W. B. R. Guion for defendants.*

DEVIN, J. The litigation over the matters set up in the pleadings has been long drawn out, and the record has become voluminous, but the questions presented for decision by the appeal are not many, and, in order to determine them, it will be necessary to consider only such portions of the record and evidence as are pertinent to the issues involved in the appeal.

The appellant in her brief accurately states the two questions involved in the appeal substantially as follows: (1) Where a life tenant, whose estate has been forfeited for failure to pay taxes on the property, has a judgment for debt against the remaindermen, may the latter be allowed to offset the unpaid taxes against the judgment? (2) Should payment of the balance on the widow's year's allowance be withheld for failure of the widow to deliver certain personal property in her possession belonging to the estate?

1. In 1916, E. H. Meadows conveyed by deed to the plaintiff, his wife, a life estate in the house and lot in New Bern designated as 91 Broad Street, and died in 1921, leaving a will from which the plaintiff was allowed to dissent (*In re Will of E. H. Meadows,* 185 N. C., 99). The ultimate remaindermen after the termination of plaintiff's life estate are the defendants. In 1923, in a proper proceeding in the Superior Court, Horton, Judge presiding, entered a judgment by consent in the Matter of the Will of E. H. Meadows, to which proceeding all interested in the estate were made parties, including the plaintiff and defendants in this action. Therein it was adjudged that the plaintiff, the widow, be allowed the sum of twenty-five hundred dollars for her year's provision and in lieu of all dower rights. Of this amount so required to be paid her by the executors and trustees, it is admitted that a balance of seven

hundred and fifty dollars remains unpaid. It was further provided in the Horton judgment that the executors and trustees should pay plaintiff for her entire interest in the estate in the sum of $8,400 in installments, of which $1,550 and interest remain due and unpaid. This last sum was adjudged to constitute a lien and charge on the reversion in the house and lot at 91 Broad Street, "subject only to the present indebtedness of said E. H. Meadows." The debts of the estate, other than the above and costs of administration, have been satisfied. The estate of E. H. Meadows at the time of his death was of considerable value, but, due to the vicissitudes of changing economic conditions and other causes, there only remains a small amount of household goods, now in the possession of plaintiff, and the remainder interest in the house and lot, 91 Broad Street, and the remainder interest in another house and lot on the same street. The plaintiff, still residing at 91 Broad Street, is insolvent and the taxes on the property have not been paid for many years, and the property has been sold for nonpayment of taxes and not redeemed, and tax sale certificates have been issued to the county and city. The plaintiff's life estate was adjudged forfeited.

It is not controverted that plaintiff has forfeited her life estate in the house and lot, 91 Broad Street, by permitting the property to be sold for taxes and failing to redeem, though the defendants, remaindermen, have not paid the taxes or redeemed the property. C. S., 7982; *Bryan v. Bryan,* 206 N. C., 464, 174 S. E., 269.

It was the duty of the plaintiff, the life tenant, to pay the taxes on the property, and she is primarily liable therefor, and the remaindermen have right of action against her if they pay the taxes, or suffer loss by reason of her failure so to do. C. S., 7982; *Smith v. Miller,* 158 N. C., 99, 73 S. E., 118.

It follows that upon the termination of plaintiff's life estate, the property would pass to the remaindermen encumbered by a lien for unpaid taxes to the amount of more than $5,000, which the life tenant was under obligation to pay, and the removal of this encumbrance by the defendants, by payment, or by the sale of the property to foreclose the tax sale certificates, would entail loss to the remaindermen to the amount of such unpaid taxes. Hence the remaindermen would have the right to offset against plaintiff's debt of $1,550 and interest (though declared a lien on the reversion) the amount of the encumbrance suffered by plaintiff to be imposed upon the property; otherwise the plaintiff would be permitted to reap advantage from her own fault. *Smith v. Miller, supra; Bryan v. Bryan, supra.* The court below ruled correctly on this point.

2. Plaintiff's claim for the unpaid balance on her year's allowance of $750.00 and interest, in accord with the provisions of the Horton judg-

ment, has been established by verdict and judgment, and plaintiff is entitled to enforce payment thereof by any remedy available to a creditor of the estate, and this debt is not affected by plaintiff's failure to pay the taxes on the property nor subject to offset by reason thereof. The court below, however, held that plaintiff was not entitled to enforce payment of this sum until she should have delivered certain personal property decided by an arbitration and award between her and the executors to belong to the estate. This personal property, consisting of the furniture, silver and glassware which had been put in the residence since 1 January, 1916, and described in the award, was adjudged to belong to the estate. No demand was made on plaintiff for this property until the institution of this action, and it appears that during the hearing before the referee a written offer of delivery was made. Should the plaintiff fail to deliver or refuse to permit the executors and trustees to obtain possession of this property, they would be entitled to the aid of the court to gain possession of the property for the purpose of selling same in the course of the long delayed settlement of the estate. Under the facts disclosed by the record, we do not think the court below should have made delivery of the personal property a condition antecedent to the enforcement of plaintiff's judgment for the balance of her year's allowance, unpaid since 1925. In that respect the judgment of the court below is modified.

Appellant noted exceptions to rulings of the court below in amending certain of the referee's findings of fact, but the changes made by the court in considering the referee's findings are supported by evidence, and hence are not subject to review by this Court in accord with the established rule. *Dent v. Mica Co.,* 212 N. C., 241, 193 S. E., 165; *Threadgill v. Faust,* 213 N. C., 226, 195 S. E., 798.

Except as herein modified, the judgment below is
Affirmed.