**620**

R. E. Snedden, prosecuting attorney, Medina, for appellee Lloyd Leatherman, county treasurer.

Strong & Batchelder, for appellants.

D. D. Porter, Medina, for appellees Charles Maytham and others.

## LEATHERMAN v MAYTHAM et

Ohio Appeals, 9th Dist, Medina Co

Decided December 11, 1940

## OPINION

By WASHBURN, PJ.

In the Common Pleas Court of Medina County, a suit was brought on May 11, 1939, by the county treasurer to sell certain real estate for the purpose of collecting delinquent taxes due thereon. The property was owned by a tenant for life and various heirs, all of whom were made defendants and served either by summons or by publication. None of them filed answers or in any way contested the proceedings to sell.

On September 1, 1939, judgment ordering sale was entered, and the prop-

erty was sold by the sheriff on November 6, 1939.

Thereafter, on November 14, 1939, the life tenant obtained leave and filed what he designated as an answer, in which he called attention to the fact that the property had sold for more than enough to pay the taxes and liens and in which he asked the court to determine the value of his life use in the funds realized from the sale of the premises, to fix the priority of any and all claims and liens upon said property, and to award to him such part of the proceeds of the sale as he was entitled to.

Upon the same day that the answer was filed, the court, as stated in its journal, determined the value of said life estate and ordered the same paid from the proceeds of the sale.

There is nothing before this court to indicate that any of the defendants whose interests were affected by such order were present or had an opportunity to be present at the time said order was made.

Eight days later—on November 22, 1939—the sale was confirmed, and distribution was ordered in accordance with the liens found in the entry of November 14, 1939, by which entry a large part of the proceeds remaining after payment of costs and taxes was ordered paid to said life tenant.

On December 2, 1939, certain defendants whose interests were affected by the order made in favor of the life tenant, filed an "answer," contesting the right of the life tenant to any part of the proceeds of the sale, and calling the court's attention specifically to §5688 GC, wherein it is provided that if one seized of lands for life neglects to pay the taxes thereon, so that such lands are sold for the payment thereof, he shall forfeit to the person or persons next entitled to said lands in remainder or reversion all such estate as he has in said lands.

On the same day—December 2, 1939—the same defendants, who were remaindermen, filed a motion to vacate and suspend the operation of the judgment awarding a part of said pro-

ceeds to the life tenant, and gave notice that said motion would be heard on December 9, 1939.

On December 13, 1939, the court, according to its journal, overruled said motion, and on the same day granted the motion of the life tenant to strike the "answer" of said defendants from the files—apparently because no leave had been obtained to file it.

No appeal was taken from said orders, and no bill of exceptions was perfected; and nothing further was done until February 3, 1940—that being a day in the same term of court —when defendants who had taken no part in the attempt to have the court change its ruling in reference to awarding a part of the proceeds to the life tenant, filed pleadings, each denominated "motion and petition", to set aside the judgment of the court ordering said sale, and the judgment of the court awarding a part of the proceeds thereof to the life tenant, notices of the filing of said "motions and petitions" were duly served upon the life tenant and other defendants.

A hearing was had, and the court, without stating in the journal entry any reason therefor, refused said "motions and petitions" and dismissed the same at the costs of the parties filing the same.

Notices of appeal from such ruling of the court were duly filed by all of the parties who had filed said "motions and petitions," and have been docketed in this court under the same case number.

In considering the effect of §5688 GC, upon the rights of the life tenant, it is proper to observe that when that section was passed in its present form in 1859, and since then until 1917, the "sale" of land for the collection of taxes thereon was one not made pursuant to an order of court, but by an official charged with the duty of collecting taxes.

The purchaser received only a "certificate of such sale," which did not invest in him any title but constituted him an "assignee of the state of Ohio," and operated as a "lien on said lands,"

which the owner could discharge by paying to the purchaser within a specified time the amount of the taxes with interest and a penalty in addition thereto. **56 Ohio Laws, pages 212-216.**

In 1917, "Under the new statute, the old tax sale is abolished and regular foreclosure proceedings " * * are provided in lieu thereof, with marshaling of liens and due process by personal service upon the land owner." **Miller, Pros. Atty. v Lakewood Housing Co., 125 Oh St 152, 163, 180 N. E. 700, 81 A. L. R. 1239.**

A real and absolute sale is made by order of the court, and thereafter there is no right of redemption. **Sec. 5724 GC.**

The failure to specifically amend §5688 GC, where it refers to redeeming within one year after sale, in which the word "sale" was used as applying to what was really only an assignment, or perhaps a conditional sale at best, is not important. The word "sale" there used has no application to the court sale provided by the present law, and the thing described by the word "sale" being nonexistent, must be disregarded.

When a tax sale is made under the present law, not only is the life estate gone but also the estate in remainder; it is not alone the interest of the person in whom the property is listed which is transferred, but it is the land itself—an absolute estate in fee simple.

This controversy is between remainder interests and the tenant for life, and not between a purchaser at a tax sale and a previous owner.

When this sale was made, the interest of the life tenant ended, and he could have no interest whatsoever in the land or the proceeds of its sale.

A consideration of the record leads us to the conclusion that there was no good reason set forth in the pleadings of the appellants for the setting aside of the judgment of the court ordering the sale of said premises, but that there were good and sufficient reasons why the court should have set aside the judgment awarding the life tenant a part of the proceeds of such sale, because, under the statutes of Ohio, such life tenant was not entitled to any part of the proceeds of such sale; and when the court's attention was called to the statute during the same term at which said award was made, the court had power to correct the mistake that had been made, and it was clearly his duty to do so; and its failure in that behalf was an abuse of discretion.

A judgment may be entered affirming the rulings of the Common Pleas Court in all respects except the award made to the life tenant, and the court's failure to set aside said award, and reversing that part of the judgment of the court refusing to set aside the award to the life tenant; and this court, proceeding to render the judgment in that behalf which should have been rendered, hereby orders that that part of the judgment awarding the life tenant a part of the proceeds of the sale, be vacated, set aside and held for naught, and that the application of the life tenant be denied; and the cause is remanded to the Common Pleas Court, with directions to distribute according to law the portion of the proceeds of such sale remaining after payment of costs of court, including the costs in this court, and the taxes.

Judgment affirmed in part and reversed in part, and cause remanded.

DOYLE & STEVENS, JJ., concur.