In this action the plaintiff appeals from the ruling of the state tax commissioner that she was not entitled to the benefits of General Statutes § 12-170a et seq., the so-called "Circuit Breaker." The facts are not in dispute. The plaintiff was the owner of and resided in a home on MacArthur Drive, Waterbury. By deed dated January 8, 1975, recorded January 31, 1975, the plaintiff conveyed the home to her daughter, who does not qualify for the tax relief, and in the conveyance she reserved "the use, occupancy, possession *Page 102 
and enjoyment of the conveyed premises for the term of my natural life." "Circuit Breaker" benefits had been accorded to her for the real property tax bills payable through 1976. By letter dated April 27, 1977, the Waterbury assessor notified the plaintiff that by reason of the conveyance she was no longer entitled to that tax relief, and the tax bill on the list of October 1, 1976, payable July 1, 1977, was not computed in accordance with the "Circuit Breaker." The plaintiff requested a hearing which was held by an officer designated by the defendant, who affirmed that the form of ownership deprived her of those benefits.
Section 12-170a extends the relief to "[a]n owner of real property or any tenant for life or tenant for a term of years liable for real property taxes under section 12-48" who meets all other qualifications, the last not being in dispute. Therefore, if the plaintiff is liable under § 12-48 she is entitled to the relief; if she is not liable, the relief is not available.
Section 12-48 provides: "When one is entitled to the ultimate enjoyment of real or personal estate liable to taxation, and another is entitled to the use of the same as an estate for life or for a term of years by gift or devise and not by contract, such estate shall be set in the list of the party in the immediate possession or use thereof . . . ." It goes on to provide that if the person in immediate possession or use fails to pay the tax, the remainderman may pay it and shall be subrogated to the rights and remedies of the tax collector.
The defendant contends that the words "by gift or devise and not by contract" modify not only "a term of years" but also "estate for life." Clearly the life estate with which we are concerned came about because of a reservation and not by "gift or devise." *Page 103 
There are very few cases concerning § 12-48. One of the few is White v. Portland, 67 Conn. 272, in which the Supreme Court held the tax to be the responsibility of a widower who was a tenant by curtesy. Clearly such a life estate does not arise from "gift or devise." The court said (p. 275): "As tenant for life, it was the duty of Josiah J. White to pay all taxes that might be laid upon this real estate after the death of his wife, and during his tenancy. `It may be laid down as a duty uniformly incumbent upon a tenant for life, to pay all taxes assessed upon the land during his life.' . . . `Tenants by curtesy hold their estates subject to the duties, limitations, and obligations, which attach to those of ordinary tenants for life.'"
At the time of White, what is now § 12-48 was § 3845 of the Revision of 1887. It read: "When one is entitled to the ultimate enjoyment of money at interest, land, or personal estate, and another is entitled to the use of the same as an estate for life, or for a term of years by gift or devise and not by contract, such estate shall be set in the list of the party in the immediate possession or use thereof . . . ."
The presence of the comma after "life," an item now omitted in § 12-48, completely changes the thrust of the statute. With the comma in, "by gift or devise and not by contract" clearly limits only "a term of years." Without it, it can be argued that it also applies to an "estate for life."
The comma was present in the earlier Revision of 1875, page 158, § 27; the later Revision of 1902, § 2341; and when the statute was amended by chapter 90 of the Public Acts of 1905. The comma was dropped in the Revision of 1918, § 1213, and this was continued in the Revisions of 1930, § 1132, of 1949, § 1725, and, as noted, continues to the present *Page 104 
date. A 1953 amendment; § 845c of the 1953 Supplement to the General Statutes; does not address itself to this critical portion of the statute.
It is basic that the purpose of a revision of the statutes is not to amend or otherwise alter the public acts but only to rearrange and codify them. No intent to change the statutory law as it was at the time the revision was made is to be attributed to the legislature in adopting a revision. See, for example, Kravitz v. McCarthy, 14 Conn. Sup. 368, where an entire phrase was dropped in a revision but was read back in by the court in applying the statute. "It is presumed that changes in the language of a statute made when it is incorporated into a revision are not intended to alter its meaning and effect. . . ." Castagnola v. Fatool, 136 Conn. 462,468. "Unless it clearly appears otherwise, revisers are presumed to have expressed in their revision the intent of existing statutes, though they may have altered the form of their statement. . . . The language of the statute as revised or the legislative intent to change the former statute must be clear before it can be pronounced that the statute was changed in respect to its construction and operation."Wilson v. Miller, 144 Conn. 212, 216.
There are numerous rulings of like import. Sufficient additional citations are Columbus IndustrialBank v. Miller, 125 Conn. 313, 319; Montville StreetRy. Co. v. New London Northern R. Co., 68 Conn. 418,423; and Jepsen v. Toni Co., 20 Conn. Sup. 287,292.
In view of the above the court concludes that the dropping of the comma was inadvertent. The statute must be construed as if it were still there. On clear grammatical principles "gift or devise and not by contract" modifies only "term of years" and has no impact on "estate for life." Accordingly, the ruling of the commissioner is in error. *Page 105 
 The commissioner is directed to take such steps as are necessary to accord the plaintiff the appropriate "Circuit Breaker" benefits for the tax on the list of October 1, 1976, payable July 1, 1977.