[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO DISTRIBUTION OF NET PROCEEDS OF TAX FORECLOSURE SALE
The plaintiff, Town of Stratford, filed a nine count complaint dated January 28, 1991 against the defendants, Charles Mudre ("Charles") and Mary Mudre ("Mary"); Benham Industries; United Illuminating; and Hi-Ho Petroleum. The plaintiff alleged that certain taxes were assessed against the defendant Charles' property and sought foreclosure of the property for nonpayment of those taxes. On January 27, 1992, the court granted the plaintiff's motion for judgment of foreclosure by sale. The foreclosure sale resulted in proceeds of $114,500.00. A surplus of $77,312.98 remains after all debts are paid.
Mary and Charles filed motions in the foreclosure action for determination of their interests in the proceeds. Mary received a life estate in the property by her mother's will in 1983. The will provided that upon Mary's death the property would be transferred to Charles. The defendants Mary and Charles have each filed supporting memoranda.
The defendant Charles argues in his memorandum that the defendant Mary committed waste when she failed to pay taxes and that the life estate was terminated by the foreclosure sale. The defendant Charles argues that the remaining proceeds, therefore, should be paid solely to him as the remainderman. The defendant Mary argues that forfeiture of her interests in the property is not a proper remedy under Connecticut law. Furthermore, the defendant Mary argues that she is entitled to the total net proceeds of the sale because the terms of her mother's will reveal the testator's intent to provide for Mary's support and welfare. CT Page 10093
A life tenant has the duty to pay all property taxes during the life tenancy. Hart v. Heffernan, 35 Conn. Sup. 101,103 (1978); General Statutes, Sec. 12-48. Although there is no Connecticut case law directly on point, the court may look to other jurisdictions that have held that failure of the life tenant to pay all property taxes constitutes waste; Union Mortgage Co. v. Nelson, 82 N.Y.S.2d 268, 269 (1949); even where the property is unproductive. Thayer v. Shorer,287 Mass. 76, 191 N.E. 435, 437 (1934). A life tenant who commits waste may be held liable to the remainderman for damages to the property. General Statutes, Sec. 52-563.
While it is the duty of the life tenant to pay the taxes, that is "a matter between him and the remaindermen, and it [is] incumbent upon them, if they [wish] to protect their expectant interest, to see to it that the life tenant [pays] them, or, failing that, to pay the taxes themselves, or in a proper case recover the property . . . ." Schofield v. Green,115 Ind. App. 160, 56 N.E.2d 506 (1944). The remainderman does have options other than allowing foreclosure of the property. See, e.g., O'Toole v. O'Toole, 56 N.Y.S. 963, (1899). The remainderman could pay the taxes to prevent the foreclosure sale of the property; see, e.g., 126 A.L.R. 873; or could petition the court for a sale to reinvest the property prior to the foreclosure sale. See, e.g., O'Toole v. O'Toole, supra.
In determining the proper distribution of proceeds from a foreclosure sale, courts either impose forfeitures of the life tenant's interest in the proceeds or they place the proceeds in a fund with the interest paid to the life tenant and the principal paid to the remainderman. In jurisdictions that destroy the life tenant's interests in the proceeds, the courts are acting under the authority of forefeiture [forfeiture] statutes. In those jurisdictions, the courts hold that where the property is sold at a foreclosure sale because of the life tenant's failure to pay taxes, the life tenant loses all interests in both the land and the proceeds from the foreclosure sale. See, e.g., Leatherman v. Maytham, 66 Ohio App. 344,33 N.E.2d 1022 (1940); Meadows v. Meadows, 216 N.C. 413,5 S.E.2d 128 (1939). In other jurisdictions, the life tenant's failure to pay taxes is considered permissive waste and not "such waste as would constitute an absolute forfeiture of the estate . . . ." St. Paul Trust Co. v. Mintzer, CT Page 1009465 Minn. 124, 67 N.W. 657, 658 (1896); see also, 16 A.L.R.3d 1349. The courts that do not impose forfeiture on the life estate hold that even though the life tenant has committed waste, the proceeds should be placed in a fund with interest paid to the life tenant and the principal paid to the remainderman. See O'Toole v. O'Toole, supra.
Forfeiture of a life estate for waste is not permitted in the absence of specific statutory authority; 16 A.L.R.3d 1350; and General Statutes, Sec. 52-563, which states that the life tenant is liable for waste, does not specifically provide for the remedy of forfeiture. The jurisdictions that provide for forfeiture of estates upon the life tenant's waste are acting under specific statutory authority. Leatherman v. Maytham, supra; Meadows v. Meadows, supra. Furthermore, "forfeitures are not favored by the law." 16 A.L.R.3d 1349.
Where the entire interest in the property is sold by court order, the rights of the parties in the land are transferred to the proceeds of the sale. Beliveau v. Beliveau, 217 Minn. 235, 14 N.W.2d 360, 366 (1944). In Beliveau, the court determined that the life tenant committed waste by not paying the property taxes nor the interest on the mortgage. Id. The court appointed a trustee to manage the net proceeds from the judicial sale of the property and to administer the fund "as nearly as possible as the land would have been handled had there been no conversion." (Citation omitted.) Id.
The proceeds remaining from a judicial sale, after satisfaction of all debts, may be held in a fund in substitution for the land, and the life tenant may receive the income from the fund during her life with the principal going to the remainderman upon the death of the life tenant. See e.g., id.; O'Toole v. O'Toole, supra; 51 Am.Jur.2d 335.
In a New York case, where the property was sold at a mortgage foreclosure sale because of the life tenant's default, the surplus cash from the sale was reinvested for the benefit of the life tenant with the remaining principal payable to the remaindermen. Mosher v. Wright, 111 N.Y.S.2d 669
(1951).
In the present case, nothing in the facts indicates that the defendant Charles attempted to pay the delinquent taxes to CT Page 10095 prevent the foreclosure, or petitioned the court for a sale of the property prior to the foreclosure. Although the defendant Mary did commit permissive waste by failing to pay the property taxes, it was not sufficient waste as to result in the forfeiture of her interests in the property. Because there is no statutory authority under which to forfeit the life tenant's interests in the property, the net proceeds from the foreclosure sale are ordered placed in a FDIC insured interest earning fund with the interest distributed to the defendant Mary and the principal to go to the defendant Charles upon the life tenant's death.
Stodolink, J.