Lake and Wife *v.* McDavitt.

## D. W. LAKE and WIFE *v.* J. S. McDAVITT *et al.*

1. JURISDICTION, COUNTY COURT. *Minors.* The jurisdiction of the county court over infants and their estates, and over the appointment and removal of guardians, is purely statutory, and to that extent the jurisdiction of the chancery court is concurrent.

2. JURISDICTION, CHANCERY COURT. *Same.* The court of chancery is a superior court, possessing a common law jurisdiction over infants and their estates, in addition to the jurisdiction conferred by statute, and may take control of an infant's property, and in the absence of a general guardian, appoint a limited guardian of the person or estate, or a custodian or receiver of the property.

3. GUARDIAN, GENERAL. *Duties.* But the general guardian of our statutes, who is required to give a personal bond with good security for the performance of duty and protection of the ward, is always to be preferred, and whenever appointed is entitled at once to demand and receive the property of the ward from the chancery court, or its special appointee.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

HARRIS, TURLEY & FREEMAN for complainants.

CRAFT & COOPER for defendants.

COOPER, J., delivered the opinion of the court.

On April 16, 1883, Thomas B. Turner died intestate, leaving five children all under age, but the oldest of whom is the wife of complainant, D. W. Lake. The defendant, J. S. McDavitt, became administrator of

the estate. The intestate, in addition to the realty described in the bill, left a large personal estate of over $100,000, consisting of choses in action, stocks and bonds. Of the stocks and bonds, there are $30,000 of stock in the Union and Planters' Bank; $12,000 of stock in the Phœnix Insurance Company, and $15,000 bonds of the Mississippi & Tennessee Railroad Company. There has been no settlement of the administration as yet. This bill was filed April 26, 1884, by Lake and wife against McDavitt, as administrator, and the infant children of the intestate, stating that owing to the amount of the personal estate, and the bond required by law, no person can be found who is willing to become guardian of the infants, and that the bond of the public guardian is inadequate to cover the estate. The bill further avers that the complainants are the nearest of kin of the infant defendants, who are living with them, and the only relations of the infants in this State to whom they can look for the care and protection of their interest in this matter. The bill further states that the stocks and bonds mentioned are safe and valuable investments, and that they might be so placed in the custody and control of the court as to secure their safe keeping, without danger of their transfer, and that the monies of the estate as they come in might be invested under the orders of the court. It is then suggested that, if this plan should be adopted, the complainant, D. W. Lake, believes, if appointed guardian, that he could give bond sufficient to cover the income of the wards, and as much of the corpus as might be on hand at any one time for

investment. The complainant adds that he does not seek the appointment, and is willing the court may select any other suitabte person who will become guardian. The bill is filed that the court may take control of the property of the infants, and that the settlement with the administrator may be had in the court.

The infants were brought into court by service of process, and put in a formal answer by guardian *ad litem* appointed by the court. The defendant, McDavitt, filed an answer admitting the facts to be as set out in the bill. He pleads, however, that the chancery court has no jurisdiction to grant the relief sought, and that the jurisdiction, if it exists any where, is in the probate court of Shelby county. And he adds that the probate court has already claimed and exercised the jurisdiction in the case of the children of one James S. Houck, deceased, of whose children his own intestate, Thomas B. Turner, was testamentary guardian, as well as executor of their father's will. And the defendant appends a transcript of the proceedings of the probate court in that case as an exhibit to his answer. He asks the protection of the court against an improper exercise of jurisdiction.

The chancellor, upon final hearing without any proof except the exhibits, or reference, was of opinion that he had jurisdiction of the cause, and so decreed, assuming the custody and control of the persons and estates of the infant defendants. He appointed D. W. Lake, upon his giving bond, with two approved sureties, in the penalty of $25,000, conditioned as required by law, guardian

Lake and Wife *v.* McDavitt.

of the persons of the infants, and of such parts of their estate as is placed in his hands by the decree, or by any subsequent decree made in the cause. The decree provided that the amount of the bond should be subject to the control of the court, and might be changed at any time so as to protect that part of the estate of the ward in the guardian's hands. The guardian was to act under the instructions of the court, and to be amenable to its orders, and was required to make reports to, and settlements with the court. The court then fixed a reasonable amount of money to be paid by the administrator to the guardian for each of the wards. From this decree, except so much of it as required the administrator to pay the amount ordered for the support of the infants, the administrator appealed.

The Code, sec. 2493, is: "The county court shall have full power to take cognizance of all matters concerning minors and their estates; and, whenever it appears necessary, shall appoint a guardian for every infant within its jurisdiction; but the powers of the chancery court over such estates are not hereby abridged." By the Code, sec. 4299, the chancery court is vested with jurisdiction, concurrent with the county court, of the persons and estate of infants, and of the appointment and removal of guardians. And by the Code, sec. 4279, "the chancery courts shall continue to have all the powers, privileges and jurisdiction, properly and rightfully incident to a court of equity by existing laws."

The jurisdiction of the county court over infants

and their estates, and the appointment and removal of guardians, although general, is purely statutory. To that extent the jurisdiction of the chancery court over the same matters is concurrent with the jurisdiction of the county court. The use of the word "exclusive" in speaking of the jurisdiction of the county court in the matter of appointing and removing guardians is manifestly an inadvertence in the opinion in *Webb* v. *Fritts*, 8 Baxt., 218, if the word is not a misprint, as it probably is. But the chancery court is, in addition, vested with "all the powers, privileges and jurisdiction incident to a court of equity by existing laws," that is by the statutory and common law of the State. It is a superior court as contradistinguished from a court of peculiar, special and limited jurisdiction: *Hopper* v. *Fisher*, 2 Head, 254. It possesses, except where changed by statute, the jurisdiction which was exercised by the Lord Chancellor of England, as an equity judge, denominated his extraordinary jurisdiction: *Oakley* v. *Mitchell*, 10 Hum., 254; *Green* v. *Allen*, 5 Hum., 170; *Franklin* v. *Armfield*, 2 Sneed, 306; 2 Sto. Eq. Jur., sec. 1335. The jurisdiction extends to the case of the person of the infant so far as necessary for his protection and education; and to the care of the property of the infant, for its due management and preservation, and proper application for his maintenance: 2 Sto. Eq. Jur., sec. 1341. There can be no doubt of the jurisdiction of the chancery court to take control of the persons and property of the infants in this case, and to make the appointment of guardian as was done, or of a

Lake and Wife *v.* McDavitt.

suitable receiver or custodian in the absence of a guardian.

There is some doubt whether the bill which has been filed is in the name of the proper parties. The bill ought, perhaps, to have been in the name of the infants by their next friend, for then there would be some person responsible for the propriety of the action, and the truth of the facts: *DeCosta* v. *Mellish,* 2 Swanst., 533. And is properly against the person in possession of the infant's property: *Johnstone* v. *Beattie,* 10 Cl. & F., 42. But, inasmuch as the complainant suggests his own appointment as guardian, it may, under our practice, be treated as a petition for that purpose.

It is proper to add that the general guardianship of our statutes, based upon a personal bond in double the amount of the ward's personal property and income, is always to be preferred to any form of limited guardianship by the chancery court, and the last must always give way to the other. If at any time a general guardian for these infants, or any of them, shall be appointed accordingly, such a guardian will be entitled to demand and receive the property of the ward from the chancery court or its limited appointee. The county court has no power to appoint any other than a general guardian. The decree of the chancellor will be affirmed, and the cause remanded. The costs of this court will be paid by the defendant, McDavitt, as administrator, and will be allowed him as a credit in his settlement of the interests of the infants in the estate.