B. M. SIBLEY, TRUSTEE, v. R. WALTER TOWNSEND, W. M. LINDSAY AND D. S. TOWNSEND, RALPH TOWNSEND, KATHLEEN T. FIRESTONE, RUTH TOWNSEND, AND L. M. TOWNSEND, ADDITIONAL PARTIES DEFENDANT.

(Filed 20 June, 1934.)

1. **Life Estates D a—Estate of life tenant is forfeited one year from sale of land for taxes where he fails to pay taxes or redeem land.**

   By the express terms of the statute, C. S., 7982, a life tenant forfeits his interest in lands to the remaindermen when he fails and refuses to pay taxes thereon and suffers the lands to be sold for taxes and fails to redeem same within one year from such sale, and plaintiff's contention that the estate of the life tenant is not forfeited until the tax-sale certificate is foreclosed and the land sold by a commissioner is untenable.

SIBLEY *v.* TOWNSEND.

**2. Execution B d—Where life tenant's interest is forfeited for failure to pay taxes deed under execution against him conveys no title.**

The deed of the sheriff to a purchaser of land at an execution sale under judgment is void where the judgment debtor had only a life estate in the land which estate he had forfeited by failing to pay taxes and suffering the land to be sold therefor and failing to redeem same within one year after such sale, the fee-simple title to the land being in the remaindermen from that date.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Sinclair, J.,* at December Term, 1933, of ROBESON. Affirmed.

The following is the agreed statement of facts: "D. S. Townsend, Ralph Townsend, Kathleen T. Firestone, L. M. Townsend and Ruth Townsend, through their counsel, McLean & Stacy, come into court and make themselves parties defendant to this action and adopt the answer herein filed by R. Walter Townsend and W. M. Lindsay, defendants. Plaintiff and defendants waive a jury trial in this cause and agree to submit to the court for its judgment thereon the following agreed facts: (1) That defendant, R. Walter Townsend, derived whatever interest he may have in the lands described in the complaint under and by virtue of Item 5 of the last will and testament of Richard Townsend, registered in Book of Wills No. 4, page 310, office of the clerk of the Superior Court of Robeson County; said item five devises the land in question to R. W. Townsend 'to have and to hold the same in trust for the use and benefit of himself and wife for life and then to all of his children, 'those both after my death as well as those before in fee simple but none of this property is to be subject or liable for the debts of said R. W. Townsend.' (2) That D. S. Townsend, Ralph Townsend, Kathleen T. Firestone, L. M. Townsend, and Ruth Townsend are all the children of R. Walter Townsend; that the wife of R. Walter Townsend is dead. (3) That on 13 October, 1931, K. M. Biggs secured a judgment against R. Walter Townsend for $147.81, which said judgment is docketed in the office of the clerk of the Superior Court of Robeson County, in Book U, page 119; that thereafter execution was issued on said judgment, the homestead of R. Walter Townsend was allotted in the lands referred to in the complaint and the excess thereof sold by P. S. Kornegay, sheriff of Robeson County, under the execution of the judgment above referred to; that thereafter the sheriff of Robeson County executed a deed for said excess, to B. M. Sibley, trustee, which is recorded in the office of the register of deeds of Robeson County, in Book 8-H, page 342. (4) That defendant, R. Walter Townsend, acting as agent of the remaindermen who claim the life estate, leased the said land to the defendant, W. M. Lindsay, for the year 1933, and took therefor a rent note in the sum of $325.00.

(5) That defendant, R. Walter Townsend, failed to pay the taxes due upon said lands for the year 1930, and subsequent years; that the said lands were sold at public auction for the 1930 taxes due thereon by P. S. Kornegay, sheriff of Robeson County, on 2 November, 1931, and bid in by Robeson County, and on said date of sale the certificate of sale was issued by the sheriff of Robeson County to Robeson County for said lands sold for nonpayment of 1930 taxes due thereon; that the said lands were sold for the 1930 taxes due thereon by reason of the neglect and refusal of R. Walter Townsend to pay the taxes due thereon; that the said defendant, R. Walter Townsend, failed to redeem the same within one year after such sale, and has never redeemed said lands, nor paid any taxes due thereon subsequent to the taxes for the year 1929. If, upon the foregoing facts, the court should be of the opinion that plaintiff is entitled to recover anything whatever in this action, it will so adjudge, and, if, upon the foregoing facts, the court is of the opinion that defendant, R. W. Townsend, has forfeited his interest in said lands, because of the nonpayment of taxes, as provided for in section 7982, Consolidated Statutes of North Carolina, then it will render judgment in accordance with the rights of defendants. W. H. Humphrey, Jr., attorney for plaintiff. McLean & Stacy, attorneys for defendants."

The court below rendered the following judgment: "This cause coming on to be heard and being heard at this December Term, 1933, of the Superior Court of Robeson County, before his Honor, N. A. Sinclair, judge presiding, upon an agreed statement of facts, both plaintiff and defendants having waived trial by jury and agreed that the court might consider the facts agreed upon between the parties and declare the law applicable thereto. After consideration of the facts, as agreed to between the parties, the court is of the opinion that the life estate of R. Walter Townsend in the lands described in the complaint fell in for the nonpayment of 1930 taxes due upon said lands, the sale of the same by the sheriff of Robeson County on 13 October, 1931, and the neglect and refusal of defendant, R. Walter Townsend, to pay the taxes due on said lands and his failure to redeem the same within one year after such sale, as provided by section 7982, Consolidated Statutes of North Carolina, and that the remaindermen are now the owners in fee simple of said lands. Whereupon, it is ordered, adjudged and decreed that R. Walter Townsend has no interest in the lands described in the complaint; that the attempted sale of his interest therein by the sheriff of Robeson County under execution and the deed executed by the sheriff of Robeson County to plaintiff is a nullity and void and the register of deeds of Robeson County will so indicate upon the margin of said deed that the same is void by virtue of this judgment. The clerk of the Superior Court will certify this judgment to the

register of deeds of Robeson County to the end that she may record the same in her office. Let plaintiff pay the cost of this action."

To the judgment as signed, the plaintiff excepted, assigned error and appealed to the Supreme Court.

*W. H. Humphrey, Jr., and James R. Nance for plaintiff.*
*McLean & Stacy for defendants.*

CLARKSON, J. The question involved: Did R. Walter Townsend forfeit his life estate in the lands referred to in the complaint by reason of his failure to redeem said lands within twelve months after they had been sold for taxes, as provided in section 7982, Consolidated Statutes? We think so.

C. S., 7982, is as follows: "Every person shall be liable for the taxes assessed or charged upon the property or estate, real or personal, or which he is tenant for life. If any tenant for life of real estate shall suffer the same to be sold for taxes by reason of his neglect or refusal to pay the taxes thereon, and shall fail to redeem the same within one year after such sale, he shall thereby forfeit his life estate to the remainderman or reversioner. The remainderman or reversioner may redeem such lands, in the manner that is provided for the redemption of other lands. Moreover, such remainderman or reversioner shall have the right to recover of such tenant for life, all damages sustained by reason of such neglect or refusal on the part of such tenant for life. If any tenant for life of personal property suffer the same to be sold for taxes by reason of any default of his, he shall be liable in damages to the remainderman or reversioner."

It is contended by plaintiff that the estate of the life tenant is not forfeited in the land until the tax sale certificate is foreclosed by court and the land sold by a commissioner. We cannot so hold. The statute, *supra,* in clear language says: "If any tenant for life of real estate shall suffer the same to be sold for taxes by reason of his neglect or refusal to pay the taxes thereon, and shall fail to redeem the same within one year after such sale, he shall thereby forfeit his life estate to the remainderman or reversioner." The agreed statement of facts says: "That defendant, R. Walter Townsend, failed to pay the taxes due upon said lands for the year 1930 and subsequent years; that the said lands were sold at public auction for the 1930 taxes due thereon by P. S. Kornegay, sheriff of Robeson County, on 2 November, 1931, and bid in by Robeson County, and on said date of sale the certificate of sale was issued by the sheriff of Robeson County to Robeson County for said lands sold for the nonpayment of 1930 taxes due thereon by reason of the neglect and refusal of R. Walter Townsend to pay the taxes due thereon; that the said defendant, R. Walter Townsend, failed to redeem the same within

one year after such sale, and has never redeemed said lands, nor paid any taxes due thereon subsequent to the taxes for the year 1929."

The life tenant was entitled to the rents and profits of the land. We do not think the statute *supra* in language or intent means that the life tenant can for years until foreclosure of a tax lien, keep the rents and profits each year and not pay the tax and claim under the statute there was no forfeiture. In *Smith v. Miller,* 158 N. C., 98 (103): "The law evidently means, that if the life tenant does not pay, and thereby exposes the land to sale, he may intervene and prevent a sale by paying the tax, and for the same reason that he can redeem from a tax sale already made."

In *Logan v. Griffith,* 205 N. C., 580 (582), it is said: "The applicable statutes create a lien for purchasers at tax sales, and also prescribe the procedure for enforcing said lien. 'Foreclosure' is the process provided for turning the lien into money."

In *Bryan v. Bryan, ante,* 464 (465), it is said: "The defendant advances the proposition that the plaintiff must settle the unpaid taxes before he can maintain an action to declare the life estate forfeited. We find no such prerequisite either in the statute or in the decisions of this Court. The statute is specific: The life tenant forfeits his estate to the remainderman or reversioner when he suffers it to be sold for taxes by reason of his neglect or refusal to pay the taxes and to redeem the property within a year after the sale. C. S., 7982. The remainderman's payment of the taxes due by the life tenant, is not a condition antecedent to the institution of his action for forfeiture. The necessity of protecting the remainderman or reversioner is obvious."

In some cases, this may be a hard rule, but it is the law as written and we must adhere to it. For the reasons given, the judgment of the court below is

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.