MARY E. THAYER & another *vs.* KATIE M. SHOREY.

Middlesex. November 7, 8, 1933. — June 25, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Waste. Deed,* Construction, Reservation, Life estate, Remainder. *Practice, Civil,* Amendment, Removal of action, Waiver of trial by jury. *Superior Court,* Jurisdiction. *Land Court,* Jurisdiction.

A deed of real estate containing a reservation of the premises to the grantor for life operates to seise the grantor of a life estate and to vest the remainder in the grantee.

One holding the vested remainder under such a deed is the holder of "the next immediate estate of inheritance" after the life estate and is entitled to pursue the remedies provided under G. L. (Ter. Ed.) c. 242, § 1, in case of waste committed or suffered by the life tenant.

The action of waste thus permitted under said § 1 is a mixed and not a real action.

The life tenant under the deed above described failed to pay a tax assessed upon the land. There followed a sale for collection of the tax and a redemption, by payment of the accrued tax, interest and statutory charges to the collector of taxes by the remainderman, who thereupon brought against the life tenant in a district court an "action of tort for waste." The defendant removed the action to the Superior Court under G. L. (Ter. Ed.) c. 231, § 104, and the plaintiff there moved to amend by adding to a claim for damages a further claim "to recover said premises for waste as alleged." The motion was allowed. *Held,* that

(1) The allowance of the amendment was within the power of the court, and thereby a cause of action was set out under G. L. (Ter. Ed.) c. 242, § 1;

(2) Although the action was begun in a district court, the Superior Court, by reason of the provisions of G. L. (Ter. Ed.) c. 231, § 104, could "proceed as though" it had been "originally entered there," and therefore, under G. L. (Ter. Ed.) c. 212, § 3, had jurisdiction of the mixed action set out after the amendment;

(3) The action was not one of which the Land Court had exclusive original jurisdiction under G. L. (Ter. Ed.) c. 185, § 1.

There is no legal requirement that such an action as that above described

must be tried by jury where, after removal to the Superior Court from a district court and allowance of the amendment above described, both parties agree to trial without jury.

The failure of the life tenant to pay the tax in the circumstances above described was an act of waste and entitled the remainderman to maintain the action under G. L. (Ter. Ed.) c. 242, § 1.

At the hearing of the action above described, it appeared that, after the sale for collection of the tax, the plaintiff paid to the collector of taxes the entire amount of the accrued tax, interest and statutory charges on December 17, and on the following day recorded his certificate of redemption, and that on December 28 the defendant recorded a deed from the purchaser at the tax sale which was dated December 1 and which contained the recital, "Redemption under said tax sale is hereby made by the grantee herein." The defendant admitted that the plaintiff had no knowledge of such deed at the time when he recorded his certificate of redemption. The trial judge found for the plaintiff in a certain sum and ruled that he was entitled to judgment for possession, and reported the action for determination by this court. *Held*, that

(1) The circumstance, that it did not affirmatively appear that the income of the property was sufficient to enable the life tenant to pay the taxes, was no defence on the record;

(2) The record furnished basis for a conclusion that the premises were not so overburdened by excessive taxation as to be of no value for use and occupation year by year, and the trial judge must be presumed to have drawn every inference against the defendant permissible on the record;

(3) No error of law appeared.

TORT, begun by a writ in an "action of tort for waste" in the First District Court of Southern Middlesex dated December 26, 1931.

On removal to the Superior Court, the amendment described in the opinion was allowed by *Gray*, J. The action then was heard by *Gibbs*, J., without a jury, upon an agreed statement of facts. Material facts are stated in the opinion. The judge found for the plaintiffs in the sum of $925.02 and ruled that they were entitled to judgment for possession; and reported the action for determination by this court.

*P. C. Hanna*, (*J. P. Dexter* with him,) for the defendant.

*W. R. Bigelow*, for the plaintiffs.

RUGG, C.J. This is an action of tort under G. L. (Ter. Ed.) c. 242, § 1. The plaintiffs claim the possession of certain premises and also damages alleged to have been caused by the failure of the defendant to pay taxes assessed thereon. The parties waived jury trial. The trial judge

ruled that the plaintiffs were entitled to judgment and reported the case.

The facts are not in dispute. The premises in question were formerly the property of the defendant. In 1889 she conveyed them to one "Whittemore, his heirs and assigns" by deed containing these words: "The grantor reserves to herself the right to occupy, rent, or improve the granted premises during her life." Whittemore immediately conveyed the premises to Samuel D. Stone, who died in 1906 leaving the plaintiffs as his only heirs. This deed to Stone recited "an incumbrance" in the deed from the defendant to Whittemore. The defendant failed to pay the taxes assessed on the premises for the year 1927. The premises were sold for nonpayment of these taxes to one Kumlin. In order to redeem the property, the plaintiffs paid to the collector of taxes the total of the accrued taxes, interest and statutory charges on December 17, 1931, and on the following day recorded their certificate of redemption. On December 28, 1931, the defendant recorded a deed of the premises to her from Kumlin dated December 1, 1931, and reciting "Redemption under said tax sale is hereby made by the grantee herein." The defendant admits that the plaintiffs had no knowledge of this latter deed at the time they recorded their certificate of redemption.

1. The defendant contends that the plaintiffs are not persons "having the next immediate estate of inheritance" within the meaning of G. L. c. 242, §§ 1, 2. It is argued that by the reservation to the grantor in the deed from the defendant to Whittemore "to herself the right to occupy, rent, or improve the granted premises during her life" she did not retain a freehold estate and consequently the plaintiffs through Whittemore did not take a remainder interest, but took at once a complete estate in fee simple. Such an argument might have had some weight under the feudal system of land law. See *Callard* v. *Callard*, Moore, K. B. 687. Without tracing the historical development of this principle, it has long been well established in this Commonwealth that a deed containing a reservation of the premises to the grantor for life operates to seise the grantor of a life

estate and by operation of law to vest the remainder in the grantee. *Brewer* v. *Hardy*, 22 Pick. 376. *Ashcroft* v. *Eastern Railroad*, 126 Mass. 196. The plaintiffs, holding vested remainders after the defendant's life estate, are persons having the next immediate estate of inheritance, and so entitled to pursue their statutory remedy. *Sackett* v. *Sackett*, 8 Pick. 309. *Solis* v. *Williams*, 205 Mass. 350, 354.

2. Apart from any question of damages, the plaintiffs in this action are entitled to recover possession of the premises. It is provided by G. L. (Ter. Ed.) c. 242, § 1, that "If a tenant in dower, by the curtesy, for life or for years commits or suffers waste on the land so held, the person having the next immediate estate of inheritance may have an action of waste against such tenant to recover the place wasted and the amount of the damage, and such action shall be subject to the provisions of law relative to trial by jury. . . ." The action of waste thus permitted is a mixed and not a real action. *Padelford* v. *Padelford*, 7 Pick. 152. *Linscott* v. *Fuller*, 57 Maine, 406. Although the plaintiffs in their declaration as originally framed described their cause as an "action of tort for waste," they were allowed in the Superior Court to amend by further claiming "to recover said premises for waste as alleged." By the amendment a cause of action was set out under § 1. The allowance of the amendment was within the power of the court. G. L. (Ter. Ed.) c. 231, § 51. *Pizer* v. *Hunt*, 253 Mass. 321, 331. A somewhat similar amendment was allowed in *Fay* v. *Taft*, 12 Cush. 448, 454. The case of the plaintiffs as finally pleaded was not an action of tort in the nature of waste under G. L. (Ter. Ed.) c. 242, § 2. By the express words of § 1, the plaintiff is entitled "to recover the place wasted" as well as damages. The tax was a lien on the entire tract and the tax deed covered the same locus. The case at bar is distinguishable on this point from *Padelford* v. *Padelford*, 7 Pick. 152, and *Thacher* v. *Phinney*, 7 Allen, 146.

There was no error of law in the allowance of this amendment even though the action was brought originally in a district court. Assuming that such a mixed action for

both damages and recovery of possession as was finally set forth in the pleadings was not within the jurisdiction of a district court (G. L. [Ter. Ed.] c. 218, § 19), the allowance of the amendment to recover possession was permissible in the Superior Court. Such a mixed action is within the jurisdiction of the Superior Court, G. L. (Ter. Ed.) c. 212, § 3, and does not fall within cases over which the Land Court has exclusive original jurisdiction under G. L. (Ter. Ed.) c. 185, § 1, as amended by St. 1934, c. 67, § 1. The action was removed at the request of the defendant (according to a statement in her brief) to the Superior Court under G. L. (Ter. Ed.) c. 231, § 104, where it was required to "proceed as though then originally entered there." The courts of the Commonwealth constitute a single system for the administration of justice in conformity to law, promptly, and without delay. Where the parties have been brought before a court of competent jurisdiction, their controversy so far as practicable ought to be completely and finally disposed of. Interpreted in the light of this general principle, the pertinent terms of the governing statute, § 104, already quoted, mean that jurisdiction of the Superior Court over the case at bar was as extensive as if it had been first instituted in that court. The present case is distinguishable from *Hall* v. *Hall*, 200 Mass. 194. That case was pending in the Superior Court by appeal and not by removal. In that case the language construed, now in G. L. (Ter. Ed.) c. 231, § 97, was that on appeal the case "shall be there tried and determined as if it had been originally commenced there." The language of § 104 is of broader import and warranted the allowance of the amendment here challenged. *Neszery* v. *Beard*, 226 Mass. 332. *Shaheen* v. *Hershfield*, 247 Mass. 543, 547.

3. There is nothing to the contention that the trial as a cause under § 1 must be by jury. Such trial may be waived in this as in other civil proceedings. *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 472–473. *Palmer* v. *Lavers*, 218 Mass. 286, 291. An action of waste is not so peculiar as to be exempt from ordinary rules and statutes as to trial by jury. There is nothing contrary to this in

*Provident Institution for Savings* v. *Burnham*, 128 Mass. 458. There was no trial by jury in *Padelford* v. *Padelford*, 7 Pick. 152.

4. Waste is an unreasonable or improper use, abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession, which results in its substantial injury. *Delano* v. *Smith*, 206 Mass. 365, 370. Taxes were properly assessed to the life tenant in possession. G. L. (Ter. Ed.) c. 59, § 11. The duty to pay the taxes rested on the life tenant even though the estate was unproductive. *Plympton* v. *Boston Dispensary*, 106 Mass. 544, 547. *Spring* v. *Hollander*, 261 Mass. 373, 375–376. A personal action could have been maintained by the tax collector against the life tenant in possession to recover the amount of the taxes. G. L. (Ter. Ed.) c. 60, § 35. The failure to pay the taxes and suffering the estate to be sold for nonpayment manifestly were a substantial injury to the rights of the plaintiffs. They would have been deprived of their estate by an ordinary tax sale unless they redeemed it. The life tenant cannot be permitted to acquire title through such a sale so as to cut off the remainderman. *Solis* v. *Williams*, 205 Mass. 350, 354, and cases cited. When the life tenant fails in this duty to pay taxes, an action of waste will lie against him. *Wade* v. *Malloy*, 16 Hun. 226. The circumstance that it does not affirmatively appear that the income of the property was sufficient to enable the life tenant to pay the taxes is no defence on this record. The life tenant, without notice to or knowledge by the plaintiffs, undertook by accepting a deed from the purchaser at the tax sale to acquire that underlying title for herself. That may be regarded as basis for a deduction that the premises were not so overburdened by excessive taxation as to be of no value for use and occupation year by year. The trial judge must be presumed to have drawn every inference of which the agreed facts and the evidence are susceptible against the defendant. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 152–153.

In this posture of the case, it is unnecessary to inquire whether, in view of the nature of the liability of the life

tenant for taxes under our statutes already cited, there is room for the application of a rule sometimes stated, to the effect that the liability of the life tenant to keep down taxes is limited to the rental value of the premises. See *Nation* v. *Green,* 188 Ind. 697, 709, and cases cited in 17 Am. L. R. 1394.

There was no error of law in the rulings made by the trial judge or in the denial of requests for rulings.

> *Judgment for the plaintiffs for damages*
> *and possession is affirmed.*