JARVIS COOPER, MILES COOPER, MARIE COOPER, MARGARET COOPER, WILLIAM COOPER, W. L. COOPER, C. M. COOPER, J. C. COOPER, C. D. COOPER, MARY COOPER THOMPSON, MRS. ZENAS JENNINGS, MRS. JOSEPH TUTTLE, MRS. MARY EVANS, MRS. CLARA B. COOPER, MRS. LUTHER THOMPSON AND THE E. L. COOPER HEIRS, v. MRS. W. H. H. COOPER.

(Filed 10 December, 1941.)

**Estates § 9d—**

Where a life tenant has permitted the lands to be sold for nonpayment of taxes and has failed to redeem same within one year of sale, the remaindermen are entitled to have the life estate declared forfeited in their suit thereafter instituted, C. S., 7982, and the fact that after the institution of the suit the life tenant pays the taxes, interest and penalties, does not affect the forfeiture.

SEAWELL, J., dissenting.

APPEAL by plaintiffs from *Burgwyn, Special Judge,* at May Term, 1941, of PASQUOTANK.

Civil action *to* declare life estate forfeited—C. S., 7982.

The court below, "by agreement of all parties concerned," finds facts substantially these:

Defendant owned a life estate, and plaintiffs the remainder in certain land in Elizabeth City, North Carolina, which was sold on 3 October, 1938, by sheriff of Pasquotank County for nonpayment of taxes due said county for the year 1937, at which sale said county became the purchaser thereof, and the sheriff issued tax sale certificate to the county. This action was instituted on 18 October, 1940. Thereafter, on 21 October, 1940, defendant, the life tenant, paid said taxes, interest and penalties. Suit to foreclose the tax sale certificate has not been instituted.

Upon these facts, the court entered judgment dismissing the action at cost of plaintiffs, who appeal to Supreme Court and assign error.

*R. Clarence Dozier for plaintiffs, appellants.*

*J. Henry LeRoy for defendant, appellee.*

WINBORNE, J. The decision in this case is controlled by that in *Sibley v. Townsend,* 206 N. C., 648, 175 S. E., 107, where the Court, through *Clarkson, J.,* speaking to the identical question of law presented on this appeal, quotes the statute, C. S., 7982, and declares: "It is contended by plaintiff that the estate of the life tenant is not forfeited in the land until the tax sale certificate is foreclosed by court and the land sold by commissioner. We cannot so hold. The statute, *supra,* in clear

language, says, 'If any tenant for life of real estate shall suffer the same to be sold for taxes by reason of his neglect or refusal to pay the taxes thereon, and shall fail to redeem same within one year after such sale, he shall thereby forfeit his life estate to the remainderman or reversioner'"; and in concluding the opinion, it is said: "In some cases this may be a hard rule, but it is the law as written and we must adhere to it."

In accordance therewith, the judgment below is
Reversed.


SEAWELL, J., dissenting: If, in the development of our jurisprudence, we are compelled to proceed on the ratchet principle, we need to go no further. We stop with *Sibley v. Townsend,* 206 N. C., 648, 175 S. E., 107, although that case admittedly discusses no equities, is inadvertent to the fact that there may be equities involved and that the statute penalizing the life tenant by loss of his estate on failure to pay taxes or to redeem the land was a remedy applied to an evil that no longer exists, and looks alone to the forfeiture law without any reference to such changes in the taxing laws as compels the court to regard the new complex of laws as existing with reference of one part to another—in other words, to be read *in pari materia.* Upon examination, we shall find that we are not confronted by a harsh law, but with a harsh interpretation of the law.

Amongst the inquiries leading to a solution of the problem presented to the court, it is helpful to ask when, under this law, a termination of the life estate in favor of the remainderman takes place. Does it take place automatically when the conditions of default transpire, leaving to the court only the formality of adjudication? Does the sheriff's sale for delinquent taxes and the expiration of one year without redemption by the life tenant confer upon the remainderman an indefeasible right to have the forfeiture declared?

Forfeiture of personal property under penal statutes in aid of the enforcement of criminal law has been held to operate on the title from the commission of the act giving rise to the forfeiture, and judgments declaring such forfeiture will relate back to that time so as to anticipate or prevent any change in the status of the property which might defeat the statute. *Henderson's Distilled Spirits v. One Hundred Barrels Distilled Spirits,* 14 Wall. (U. S.), 44, 20 L. Ed., 815; *U. S. v. Stowell,* 133 U. S., 1, 33 L. Ed., 555, 10 S. Ct., 244; *Fontaine v. Phoenix Ins. Co.,* 11 Johns. (N. Y.), 293. This is referable to a public policy which does not prevail in the case of private forfeitures or forfeitures which private persons may enforce. Defaults leading to forfeitures of the character made possible by the statute under review give to those who are privileged to enforce them only an inchoate right, 21 C. J., 971;

*Johnson v. Pettit,* 1 Cinc. Super, 25; *Berry v. Berry,* 16 N. S., 66;
*Gear v. Bullerdick,* 34 Ill., 74, and this may be waived, *Galloway v.
Battaglia,* 133 Ark., 441, 202 S. W., 836; *King v. Mims,* 7 Dana (Ky.),
267; *Purton v. Watson,* 2 N. Y. S., 661; *Chaffee v. Foster,* 52 Oh. St.,
358, 39 ·N. E., 947. There is no divestiture of a life tenant's title or
estate until the final judgment of a court of competent jurisdiction, and
the termination of the life estate in favor of the remainderman occurs
at that time without relation back.

I think it must follow from this that the mere fact of sale by the
sheriff for failure or neglect to pay the taxes and the expiration of a
year without redemption by the life tenant may not, in every case, create
in the remainderman an unequivocal and indefeasible right to the for-
feiture. If there are equitable considerations involved upon which the
jurisdiction of the court may attach it should not be slow to find them.
Thompson, Real Property, Vol. 5, p. 287: "Forfeitures are not favored
in law, and courts eagerly seize hold of any circumstance by which they
may be defeated, and where adequate compensation can be made, the law
in many cases, and equity in all cases, discharges the forfeiture upon
such compensation being made." *Citizens' Bank v. Grigsby,* 170 Miss.,
655, 155 So., 195; *Giles v. Austin,* 62 N. Y., 486.

In those states having similar laws nonpayment of taxes by a tenant
for life or years, through which the remainder is endangered, is regarded
as a species of waste. *Magness v. Harris,* 80 Ark., 583, 586, 98 S. W.,
362, 363; *Clark v. Middlesworth,* 82 Ind., 240, 249, 250; *Thayer v.
Shorey,* 287 Mass., 76, 191 N. E., 435, 94 A. L. R., 307. Waste—that
is, ordinary waste—may be repaired, and when so repaired a court of
equity will not decree a forfeiture. Whether or not I am justified in
applying this analogy, I am convinced that changed conditions in the
law, resulting in a different orientation of the parties to the subject
matter, and their relations to each other, should lead the court to a
similar conclusion.

C. S., 7982 (Michie's Code, 1939), appeared as part of chapter 71,
Public Laws of 1879, the then current act to provide for the "Levy and
Collection of Taxes." The proceeding then was more nearly *in rem*
and sale of the land by the sheriff had a significance it does not have
under the present laws. If redemption was not made within one year
from the sale, the purchaser, on compliance with certain conditions,
*extra curiam,* was entitled to a deed. Section 39. This provision, with
which section 54 (containing the forfeiture provision) must be read
*in materia,* remained substantially unchanged until the enactment of the
1927 tax foreclosure act, which was the law at the time of the alleged
forfeiture, chapter 221, Public Laws of 1927, and amendments: C. S.,
8037 (Michie's Code, 1935), but which has been superseded by the 1939

tax collection act, chapter 310, Public Laws of 1939; C. S., 7971 (209), *et seq.* (Michie's Code, 1939). This later law is far more lenient with respect to redemption, because the first sale by the sheriff has no more significance than to put the purchaser in the position of a lienor as represented by his certificate of sale, which he must enforce, as in the case of mortgage, by a foreclosure of the equity of redemption. The imminence of injury to the remainderman by "disherison" or loss of his estate through operation of the first sale has been almost altogether removed, since, to secure foreclosure, the purchaser must institute and carry to conclusion a suit in which all interested persons must be made parties and notified, and thereby the period of redemption for the life tenant and others interested is necessarily greatly enlarged. It is not, therefore, unreasonable that the rigor of a forfeiture should also be alleviated. Otherwise, we would be in danger of an attempt to enforce the forfeiture after the exigencies to which it was originally intended to apply have long been removed. The wide difference between the significance and consequence of the sheriff's sale under the former law, to which the forfeiture act, C. S., 7982, obviously relates, is sufficient seriously to challenge the present applicability of that law as contended for by the plaintiffs. Since laws must be interpreted with a view to the evil they are intended to remedy, we must either rationalize it by adaptation to existing procedure or adopt the contention of defendant, *"cessante ratione, cessat ipsa lex."*

Under a similar statute which allowed the life tenant one year and the remainderman two years to redeem from the sheriff's sale, the Arkansas Court held that where the lands were not redeemed by the life tenant during the first year, and the remaindermen did not thereupon redeem and assert a forfeiture, but permitted the life tenant to redeem, this constituted a waiver of the forfeiture by the remaindermen. *Galloway v. Battaglia, supra.* I think there is little doubt that if under the old law the life tenant, after having permitted the sale and the year to pass without redemption, had procured the purchaser of the land to permit him to redeem it by paying the tax, the remainderman having made no effort to do so, equity would prevent the forfeiture. Whether this is correct or not, the redemption of the land in this case occurred well within the time given for such redemption under the new foreclosure law, and it is an act which inures to the benefit of the remainderman who, while accepting its benefits and without any circumstances of hardship, injury or damage, seeks to enforce a forfeiture.

The remaining question is the applicability to the present case of *Sibley v. Townsend, supra,* and *Bryan v. Bryan,* 206 N. C., 464, 174 S. E., 269, cited therein. *Bryan v. Bryan, supra,* merely reiterates the former holdings that payment of the taxes by the remainderman is not a

condition antecedent to bringing suit. A vital distinction may be made between *Sibley v. Townsend, supra,* and the case at bar because of the different factual situation. In the case at bar the defendant, in apt time, that is to say, before any date at which the lands might be stripped from her as well as the plaintiffs, repaired her fault and paid the tax. In *Sibley v. Townsend, supra,* the life tenant not only did not repair the fault, but was not even concerned in the case. It was between a creditor of the life tenant and the remainderman. Thus, it is seen that the question before the Court in the instant case—*i.e.,* whether payment of the taxes by the life tenant before foreclosure of the tax certificate but more than one year after the tax sale will amount to redemption sufficient to satisfy the statute—did not arise and could not have been considered by the Court in that case.

For these reasons I think the Court is justified in applying equitable principles to the case and deny the forfeiture. Otherwise, it is my opinion that the statute should be held *functus officio; cessantes ratione, cessat quoque lex.*