SEAWELL, J., dissenting.
Civil action to declare life estate forfeited — C. S., 7982.
The court below, "by agreement of all parties concerned," finds facts substantially these:
Defendant owned a life estate, and plaintiffs the remainder in certain land in Elizabeth City, North Carolina, which was sold on 3 October, 1938, by sheriff of Pasquotank County for nonpayment of taxes due said county for the year 1937, at which sale said county became the purchaser thereof, and the sheriff issued tax sale certificate to the county. This action was instituted on 18 October, 1940. Thereafter, on 21 October, 1940, defendant, the life tenant, paid said taxes, interest and penalties. Suit to foreclose the tax sale certificate has not been instituted.
Upon these facts, the court entered judgment dismissing the action at cost of plaintiffs, who appeal to Supreme Court and assign error.
The decision in this case is controlled by that in Sibley v. Townsend,206 N.C. 648, 175 S.E. 107, where the Court, through Clarkson, J., speaking to the identical question of law presented on this appeal, quotes the statute, C. S., 7982, and declares: "It is contended by plaintiff that the estate of the life tenant is not forfeited in the land until the tax sale certificate is foreclosed by court and the land sold by commissioner. We cannot so hold. The statute, supra, in clear *Page 491 
language, says, `If any tenant for life of real estate shall suffer the same to be sold for taxes by reason of his neglect or refusal to pay the taxes thereon, and shall fail to redeem same within one year after such sale, he shall thereby forfeit his life estate to the remainderman or reversioner'"; and in concluding the opinion, it is said: "In some cases this may be a hard rule, but it is the law as written and we must adhere to it."
In accordance therewith, the judgment below is
Reversed.