JOHN CRANDALL, MAGGIE CRANDALL LANGLEY, WILLIAM CRANDALL, ELISHA CRANDALL, DOCK CRANDALL, MARIAH CRANDALL PERKINS, ALEX CRANDALL, ABRAHAM CRANDALL AND MANIZA CRANDALL LANIER, *v.* ANNIE CLEMMONS.

(Filed 4 November, 1942.)

**Taxation §§ 40a, 40b, 40c—**

In an action by remaindermen against the life tenant to declare the life estate forfeited under C. S., 7982, for failure to pay 1939 county taxes within one year from sale of the land for taxes in September, 1940, where no foreclosure suit was instituted against life tenant, who paid the 1939 taxes in October, 1941; *held,* the county in 1940 was limited to a sale of the tax lien and the land can be sold only by a suit in the Superior Court in the nature of a foreclosure. Public Laws 1939, ch. 310, sec. 1715; C. S., 7971 (209) *et seq.*

APPEAL by defendant from *Johnson, Jr., Special Judge,* at August Term, 1942, of PITT.

Civil action brought by the plaintiffs, remaindermen, under Consolidated Statutes of North Carolina, sec. 7982, to declare forfeited the life estate of the defendant in certain lands, for failure to pay the 1939 taxes thereon within one year from an alleged sale of the lands for the nonpayment of said taxes.

The facts and contentions pertinent to this appeal are as follows:

1. Defendant owns a life estate in and to a tract of land in Pitt County containing 250 acres, more or less, assessed for taxation in the year 1939 at a valuation of $7,000.00 by Pitt County.

2. The county and special district school taxes for the year 1939 amounted to $66.50.

3. Plaintiffs allege that the defendant suffered the lands to be sold by Pitt County for the nonpayment of the 1939 taxes, on the first Monday in September, 1940, and did not redeem the same as provided by Consolidated Statutes of North Carolina, sec. 7982, within one year from the date of said sale.

4. On 19 November, 1940, defendant paid to Pitt County, as a partial payment on said taxes, the sum of $40.00.

5. This action was instituted on 9 October, 1941, and the summons served on defendant 10 October, 1941. On the same day the summons was served in this action, defendant paid to Pitt County the balance due on the 1939 taxes, including all penalties and costs.

The jury answered the issues in favor of the plaintiffs and from judgment entered thereon, declaring the life estate of defendant forfeited, the defendant in the wrongful possession of said lands and adjudging the plaintiffs the owners and entitled to possession of the lands, the defendant excepted and appealed, assigning errors.

*William J. Bundy for plaintiffs.*
*Dink James for defendant.*

DENNY, J. The question to be answered in the disposition of this appeal is simply this: Did the defendant suffer the land referred to herein to be sold for the nonpayment of the taxes for the year 1939 and fail to redeem the same within one year from the date of sale, as provided in section 7982 of the Consolidated Statutes of North Carolina? We do not think so.

Prior to 1927, the sale of real property for delinquent taxes was governed by Article 14, ch. 131, of the Consolidated Statutes of North Carolina, sections 8010 through 8039. Chapter 221, Public Laws of 1927, among other things, provided: "Every county, person, firm or

corporation, private or municipal, who has purchased any lands or interest in the same at any tax sale, as evidenced by sheriff's certificate of sale, or becomes a holder of any sheriff's certificate of sale referred to in section 8024, Consolidated Statutes, shall have the right of foreclosure of said certificate of sale by civil action and this shall constitute his sole right and only remedy to foreclose the same."

The form of certificate authorized to be issued by the sheriff until 1939, is set forth in chapter 558, sec. 9, of the Public Laws of 1901, section 8024 of the Consolidated Statutes of North Carolina, which directs that the purchaser of real estate sold for taxes shall be given a certificate signed by the sheriff in the form prescribed. The form in substance is a certification that the real property described therein listed in the name of ... .... ......was sold to.......... ...., on the.. ....day of........ ......, in the manner provided by law. The power to sell real estate for taxes was repealed by chapter 310, Public Laws of `1939, C. S., 7971 (209), et seq. (Michie's Code, 1939). The sheriff or tax collector is limited to the sale of the tax lien. Section 1715, ch. 310, Public Laws of 1939, sec. 7971 (224) (Michie's Code, 1939). The lien can be enforced only by an action in the Superior Court, in the county in which the land is situated, in the nature of an action to foreclose a mortgage. At the time it is alleged Pitt County sold the real estate referred to herein, to wit, the first Monday in September, 1940, the county was without authority to sell the land. It was only authorized to sell the lien for the unpaid taxes. The defendant has paid all the 1939 taxes to Pitt County, including costs and penalties. No foreclosure suit was ever instituted against the defendant by the county.

The appellees are relying on *Sibley v. Townsend,* 206 N. C., 648, 175 S. E., 107, and *Cooper v. Cooper,* 220 N. C., 490, 19 S. E. (2d), 237. Those decisions were governed by the law in effect prior to the enactment of chapter 310, Public Laws of 1939.

The statutes now in effect in this State for the enforcement of the collection of taxes on real property give the life tenant the same protection as any other interested party. The interest of the life tenant, as well as that of all other interested parties, including lienholders, can be divested only at the final tax sale, authorized by a judgment entered in a tax foreclosure suit in which they were made parties and duly served with process. Under our present tax foreclosure laws, life estates are no longer forfeited under the provisions of section 7982 of the Consolidated Statutes of North Carolina.

The judgment of the Superior Court is

Reversed.